[No. 33084. Department One. April 28, 1955.]

ARTHUR D. JEFFRIES, *Appellant,* v. GENERAL CASUALTY COMPANY OF AMERICA, *Respondent.*[1]

[1]Reported in 283 P. (2d) 128.

*Lycette, Diamond & Sylvester,* for appellant.

*Gordon H. Sweany* and *Bruce Maines,* for respondent.

SCHWELLENBACH, J.—Appellant operates Jeff's Veltex Service Station, on Aurora avenue, in Seattle. This is a general gasoline service station business which also includes the maintenance of a stock of trailers for rental to customers. Effective August 21, 1952, respondent issued a general garage liability insurance policy to appellant.

On or about September 26, 1952, appellant rented a trailer to one Charles T. Corbin. As was customary, appellant hitched up or attached the trailer to Corbin's automobile. Later, while away from the service station premises, the trailer became unhitched and fell upon Corbin's foot. Corbin commenced an action against the appellant for damages, alleging negligence in hitching the trailer to the car. Defense of the action was tendered to respondent, but such defense was refused on the ground that the accident was not covered by the policy. Upon advice of counsel, appellant made a compromise settlement of the action for $3,750. Judgment was entered for said amount in favor of Corbin and against appellant.

Appellant paid the judgment and brought this action against respondent to recover indemnity for the amount paid to satisfy the judgment and for necessary legal expenses in that action, together with costs and disbursements in this action. The trial court sustained a demurrer to the complaint and later dismissed the action.

The material parts of the policy read as follows:

"GENERAL CASUALTY COMPANY OF AMERICA
"Agrees with the insured, named in the declarations made a part hereof, . . . and subject to the limits of liability, exclusions, conditions and other terms of this policy:
"INSURING AGREEMENTS
"I. *Coverage A—Bodily Injury Liability*

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

" . . .

"DEFINITION OF HAZARDS

" . . .

*"Division 2 — Premises — Operations — Automobiles Not Owned or Hired.*

"The ownership, maintenance or use of the premises for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of any automobile not owned or hired by the named insured, a partner therein or a member of the household of any such person.

" . . .

"EXCLUSIONS

*"This policy does not apply:* . . .

"(b) To any automobile while rented to others by the named insured, unless to a salesman for use principally in the business of the named insured, or to any haulaway, tank truck, tank trailer, or tractor used therewith, owned, hired or held for sale by the named insured and not being delivered, demonstrated or tested, or to any watercraft, while away from the premises; or, except under ·division 3 of the Definition of Hazards, to any elevator at the premises;"

Elsewhere in the policy, the word "automobile" is defined to include a trailer. By paraphrasing and omitting portions irrelevant to this action, we find the substance of the contract to be as follows:

GENERAL CASUALTY COMPANY OF AMERICA agrees to pay all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person, caused by accident and arising out of the ownership, maintenance and use of the premises for the purpose of a service station, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of any automobile not owned or hired by the named insured; subject to the following exclusion: This policy does not apply to any automobile (trailer) while

rented to others by the named insured, while away from the premises.

Appellant contends that the injury was caused by the negligent manner in which the trailer was hitched to the car and this was an operation incidental to the use of the premises for a service station. Respondent contends that this accident comes within the exclusionary provisions of the policy and that the company, therefore, is not liable.

 Insurance contracts should be construed in accordance with the general rules applicable to other contracts. *Goodwin v. Northwestern Mut. Life Ins. Co.*, 196 Wash. 391, 83 P. (2d) 231. The purpose of the insurance contract should be considered. If the contract is fairly susceptible of two different conclusions, the one which is most favorable to the assured will be adopted. *Jack v. Standard Marine Ins. Co.*, 33 Wn. (2d) 265, 205 P. (2d) 351, 8 A. L. R. (2d) 1426. Where a clause in an insurance policy is ambiguous, the meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning. *Kane v. Order of United Commercial Travelers*, 3 Wn. (2d) 355, 100 P. (2d) 1036. But the rule that an insurance policy must be construed strictly against the company and liberally in favor of those afforded protection by it, has no application where the provisions of the policy are neither ambiguous nor difficult of comprehension. *Handley v. Oakley*, 10 Wn. (2d) 396, 116 P. (2d) 833. And a court is not at liberty to revise a contract under the theory of construing it. *Evans v. Metropolitan Life Ins. Co.*, 26 Wn. (2d) 594, 174 P. (2d) 961.

We can assume here that the accident arose out of an operation incidental to the use of the premises for a service station. The case of *O'Toole v. Empire Motors*, 181 Wash. 130, 42 P. (2d) 10, would support such an assumption. There, a motorist recovered from the insurance company when a tire blew out as the result of the negligence of the garage in aligning the wheels. The policy issued to the garage covered accidents resulting from the maintenance of a repair shop. In oral argument of the instant case, respondent's counsel

stated that he believed the company would be liable were it not for the exclusionary clause.

■ The exclusionary clause states that the policy does not apply to any automobile rented to others by the insured while away from the premises. The language is broad enough to exclude any accident involving a trailer rented to others while away from the station. The question of proximate cause of the accident is not involved. We are not concerned with the *cause* of the accident, but with *where* it took place. The accident took place away from the premises, and it involved a trailer which was rented to another by the insured.

In *Hultquist v. Novak,* 202 Minn. 352, 278 N. W. 524, an eleven-year-old boy purchased some gasoline at a service station for the purpose of cleaning a tricycle. The gasoline was poured into a coffee can which the boy had furnished. During the process, some of the liquid was spilled on his clothes. He and a younger boy went across the street, where they found two other cans into which they poured the gasoline. Upon reaching the boy's house about two blocks away, he tipped over one of the cans. He struck a match to see what had happened, and the gasoline ignited, severely burning him. Judgment was obtained against the service station owner, who started garnishment proceedings against his insurer. The liability policy provided that it should apply only to bodily injuries sustained as the result of an accident occurring on or about the premises. In holding that the casualty company was not liable, the court said:

"The place of happening of the accident controls the coverage under subdivision (a). Some circumstances may have occurred on the premises which may have contributed to an injury which resulted from an accident occurring elsewhere. This may have resulted in liability on the part of defendant without coming within the coverage of the policy because the accident did not happen within the area limited by the terms of the contract. We are concerned here with the whereabouts of the accident, not with the question of proximate cause. When Robert left the premises no damage had yet resulted from the spilling of the gasolene. No accident had occurred resulting in damage to anyone. As applied

to a filling station, 'on or about' obviously does not cover private premises two blocks away."

In *Workman v. Republic Mut. Ins. Co.*, 144 Ohio St. 37, 56 N. E. (2d) 190, Workman and Sayles, partners, were dealing in automobiles and operating a repair garage. They purchased a policy of insurance which bore a "garage liability endorsement." The policy covered bodily injuries sustained by any person "on or about the premises." The day after the partnership sold an automobile to one Rhodes, he injured one Kidwell in a collision. Kidwell sued Rhodes and the partnership, contending that the automobile was in poor mechanical condition when it was sold. In releasing the insurance company from liability, the court said:

"It is claimed that the injury for which liability is sought to be imposed resulted from negligence which took place on the premises of the insured, and therefore that the provisions of the 'Premises Liability' clause apply. However, by the express language of the clause, it applies only to 'injuries . . . sustained by any person or persons (not employed by the insured) on or about the premises described in item 1 of the declarations and caused by the operations which are necessary to the conduct of the named insured's business as described therein.'

"No injuries were sustained by Kidwell 'on or about the premises described.' This court cannot so extend this provision of the insurance contract as to make it apply to injuries sustained elsewhere. The liability covered is clearly designated 'Premises Liability' and cannot be otherwise construed. There is no language in the insurance contract which can be construed to insure against liability for injuries resulting from defective parts or inefficient workmanship."

In the two cases above cited, the policies covered injuries sustained on or about the premises.

The liability of an insurance company under a policy of this kind depends upon whether the damages sustained were the result of a risk or hazard against which the insured was covered by the policy. In this case, the company insured against damages which the insured became legally obligated to pay because of bodily injuries sustained by any person, caused by accident and arising out of all operations

necessary or incidental to the ownership, maintenance, and use of the premises for the purpose of a service station. However, it expressly stated that its liability policy did not apply to any trailer which was rented to others by the insured and while away from the premises. Under the facts of this case the damages sustained by Corbin were not the result of a hazard against which appellant was covered by the policy.

The judgment of dismissal is affirmed.

HAMLEY, C. J., DONWORTH, FINLEY, and ROSELLINI, JJ., concur.