**John W. KING, Appellant,**

v.

**ZURICH AMERICAN INSURANCE COMPANY, Appellee.**

**No. 3465.**

District of Columbia Court of Appeals.

Argued June 15, 1964.

Decided Sept. 25, 1964.

Saul M. Schwartzbach, Washington, D. D., for appellant.

Edward C. Donahue, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This action involves the interpretation of a contract of insurance. The facts of the case are undisputed. Appellant purchased from appellee a "family automobile policy," with liability, comprehensive and collision coverage. By an endorsement to the principal policy, and for an additional premium, appellant also purchased certain "automobile death and specific * * * disability benefits." While riding as a passenger in the automobile with her husband, appellant's wife received injuries which re-

sulted in her death. The question here is whether appellant's wife was covered under the death benefits section of the endorsement.

The principal policy names appellant, John W. King, as the "named insured," which is defined as "the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household"; and it is clear that the wife was included under the coverage of the principal policy.

The endorsement begins with a block area, showing the policy number as the same number of the principal policy, the effective date, the agency number, and the amount of the additional premium. Immediately following, the "named insured" is stated to be John W. King. The endorsement contains no definition of "named insured" but defines "insured" in the following manner: "With respect to the insurance for death indemnity and total disability, the unqualified word 'insured' means the person or persons so designated for each such coverage in the schedule."

The schedule in the endorsement begins with the following statement: "The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges, and only with respect to the person or persons designated herein as insured." Following this are four columns headed "Coverages," "Insured," "Limits of Liability," and "Premium." In the column headed "Insured" are lines for two names opposite each type of coverage. The only name which appears in this column is that of John W. King. His name appears opposite three types of coverage including death benefits, and following his name are amounts under the column "Limits of Liability," and "Premium." It is shown clearly that John W. King had a coverage of $5,000 as a death benefit. He contends that his wife had the same coverage.

Appellant's argument is that his wife was an insured within the definition of "named insured" under the principal policy and, since the endorsement in more than one instance uses the expression "named insured," she was also an insured under the endorsement.

Counsel have not cited, and we have not found, any case construing a liability and collision policy with an endorsement for death and disability benefits. Combining these two dissimilar policies creates some confusion, but it appears to us that the endorsement, dealing as it does with a form of protection entirely different from that afforded by the principal policy, must be treated as a separate and distinct instrument. So treated, it is clear that the insurance afforded under the endorsement is specifically limited to the person or persons designated in the schedule as "insured." Only one person, John W. King, is so designated in the schedule; and it follows that the trial court was correct in holding that the wife was not an insured under the coverage of the endorsement.

Affirmed.