ROBERT E. GOSS, Respondent, *v.* ÆTNA CASUALTY & SURETY COMPANY, Appellant.

Third Department, October 20, 1966.

*James S. Carter* for appellant.

*Edward M. Segal* for respondent.

GIBSON, P. J. Appeal is taken from an order of the Supreme Court at Special Term which denied defendant's motion to dismiss the complaint in an action to recover under an insurance policy on account of the death of plaintiff's wife, the motion being made on the grounds (1) that there is a defense to the action founded upon documentary evidence and (2) that the complaint fails to state a cause of action. (CPLR 3211, subd. [a], pars. 1, 7.)

The basic policy is an automobile liability policy, issued to plaintiff, whereby defendant agrees with the " Insured " to pay all sums which the insured shall become legally obligated to pay as damages because of bodily injury and property damage arising out of the ownership or use of the automobiles specified in the policy. There is attached, among other endorsements, one entitled " Automobile Death, Specific and Total Disability Benefits (' A. I. D.' Coverage-Automobile Injury or Death) " whereby defendant agrees with the " named Insured " to pay the sum stated in the schedule therein set forth in the event of the death of the " Insured " caused by an automobile accident. The complaint alleges, in substance, that plaintiff's wife was an insured under the endorsement, that she died as the result of a motor vehicle accident and that by reason thereof defendant became obligated to pay to plaintiff the sum of $5,000, that being the amount of the coverage specified in the endorsement. The answer alleges, among other defenses, that plaintiff is the only person insured under the endorsement and that his wife was not insured thereunder or covered thereby.

The endorsement defining the disputed coverage is in pertinent part as follows:

SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges, and only with respect to the person or persons designated herein as Insured.

| COVERAGES | INSURED | LIMITS OF LIABILITY | PREMIUM |
|---|---|---|---|
| | | Principal Sum | |
| A. Death * * * | 1. ROBERT E. GOSS | 5 thousand dollars | $ 2.50 |
| * * * | 2. .................. | ... " " | $ ....... |
| | 3. .................. | ... " " | $ ....... |
| | 4. .................. | ... " " | $ ....... |

If we look only to this schedule it is clear that Robert E. Goss, the plaintiff, is the only " person * * * designated herein as Insured " and, of course, the spaces for indicating additional insureds, amounts and premiums remain blank. The second

page of the endorsement sets forth the " Definition of Insured " as follows: " The unqualified word ' Insured ' means the person or persons so designated for each coverage in the schedule "; and, as above indicated, the schedule specifically designates plaintiff alone. It is further provided in the endorsement as one of the " Conditions " that " None of the insuring agreements, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsement "; with certain exceptions not material here.

The provisions thus far quoted from the " Schedule ", the " Definition of Insured " and the " Conditions " fully support appellant's contention that only the life of plaintiff was insured. This is consistent, also, with appellant's entirely reasonable concept of a complete separation between the functions and provisions of the main or basic policy and those of the endorsement. The former is essentially an indemnity contract, providing omnibus coverage in accordance with section 167 of the Insurance Law, and recognizing and indemnifying against the broad liability, vicarious and otherwise, imposed by statute and decisional law; while the latter is an accident, death and disability contract, not necessarily related to the main policy and, indeed, of the kind that can be purchased and issued without reference to any liability or other coverage. (See *Holmes* v. *Southern Farm Bur. Cas. Ins. Co.*, 240 La. 153, which, although otherwise closely in point, apparently did not involve the form of declaration next discussed, which the decision before us found determinative.)

Thus, respondent contends, and Special Term in effect found, that the insurer has itself related the main or basic policy to the endorsement by a provision in the endorsement, under " Declarations ", that, " The named Insured shall be as stated in the policy, if an individual or if husband and wife who are residents of the same household; otherwise for the purposes of these Declarations the named Insured is ............ ", the space for insertion of a name being left blank; and the familiar language of the main policy stating that " ' named Insured ' means the individual named in item 1 of the declarations and also includes his spouse, if a resident of the same household ". We are unable to agree with Special Term's conclusion, based on these provisions, that it was the " clear intent " of the endorsement to insure the wife's life; but we find that the clauses last above quoted create sufficient ambiguity to require a trial of the issue of intent. As against respondent's contention, it can well and reasonably be argued that despite the reference in the " Declarations " to the " named Insured " it is the printed term

"Insured" in the endorsement, as distinguished from a named insured, coupled with the specificity of the typewritten insertion of the name "Robert E. Goss", and the omission to insert additional names and amounts in the spaces provided therefor, that must control. On the record presently before us, however, the question appears to us to be an open one; the issue has not been decided in New York; and can, in our view, be best determined upon a plenary trial.

The order should be affirmed.

HERLIHY and REYNOLDS, JJ., concur; TAYLOR, J., not voting.

Order affirmed, with $10 costs.