[No. 1275-1.   Division One—Panel 2.   December 11, 1972.]

THOMAS A. DENNIS, *Respondent*, v. GREAT AMERICAN INSURANCE COMPANIES, *Appellant*.

*Skeel, McKelvy, Henke, Evenson & Betts* and *Frederick V. Betts*, for appellant.

*Tuell & Anderson* and *David R. Tuell, Jr.,* for respondent.

FARRIS, A.C.J.—Thomas A. Dennis brought action against his insurer Great American Insurance Company to recover $10,000 for the death of his wife under the automobile death indemnity provisions of an endorsement to an automobile liability insurance policy. Mrs. Dennis was fatally injured on December 8, 1969, in an automobile accident. Great American denied coverage for the reason that Thomas A. Dennis, but not his wife, was the insured. The trial court found the contract to be ambiguous and con-

strued it to include coverage for Mrs. Dennis. Great American appeals from the adverse judgment.

Only Thomas A. Dennis was named as the insured on either the endorsement or the insurance policy which was entitled "Family Combination Policy." The policy specified:

"Named Insured" means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household.

It is not disputed that Frona Dennis was married to and a resident of the same household as Thomas A. Dennis, the individual named in item 1. Nor is there any dispute that her death was an accidental death within the terms of the endorsement. The argument is that the endorsement is a separate contract, clear and unambiguous on its face, and that it specifically limits coverage to the individual named therein. The endorsement specified:

Definition of Insured
With respect to the insurance for death indemnity and total disability, the unqualified word "insured" means the person or persons so designated for each such coverage in the schedule.

The endorsement further provided:

Policy Provisions. None of the insuring agreements, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsement except the conditions "Notice of Accident," "Action Against Company (Medical Payments)," "Changes," "Assignment," "Cancelation" and "Declarations."

The declaration section specified:

The named insured shall be as stated in the policy, if an individual or if husband and wife who are residents of the same household; otherwise for the purpose of these Declarations the named insured is.............................................. .

Nothing was inserted in the blank.

The appeal raises a single issue: Did the trial court err in finding the endorsement to the automobile liability policy ambiguous and construing the death indemnity provision to include Frona Dennis? Courts from other jurisdictions have

considered the issue. In two of those cases the facts and the policy/endorsement were nearly identical with those involved here.

In *King v. Zurich Am. Ins. Co.*, 203 A.2d 429 (D.C. Ct. App. 1964) the trial court found that coverage was limited to the named insured. On appeal, the insured argued as here that his wife was also an insured within the definition of "named insured" under the principal policy and since the endorsement in more than one instance uses the expression "named insured" she was an insured under the endorsement.

In affirming the trial court, the Court of Appeals for the District of Columbia noted that if the policy and the endorsement were combined they created some confusion, but determined that

> the endorsement, dealing as it does with a form of protection entirely different from that afforded by the principal policy, must be treated as a separate and distinct instrument.

*King v. Zurich Am. Ins. Co., supra* at 430. Having made this determination, the court concluded on page 430:

> So treated, it is clear that the insurance afforded under the endorsement is specifically limited to the person or persons designated in the schedule as "insured." Only one person, John W. King, is so designated in the schedule; and it follows that the trial court was correct in holding that the wife was not an insured under the coverage of the endorsement.

In *Goss v. Aetna Cas. & Sur. Co.*, 26 App. Div. 2d 275, 273 N.Y.S.2d 892 (1966), the insurance company appealed the trial court's denial of its motion to dismiss a claim made by the husband that his wife was insured.

On appeal the court did not agree with the trial court's conclusion that it was the "clear intent" of the endorsement to insure the wife's life, but held that the declaration section created sufficient ambiguity to require a trial on the issue of intent.

In the case at bar the trial court found:

The "average man" reading the Declarations section of the death indemnity endorsement, as it applies to death indemnity, can reasonably conclude that his wife would be covered under the endorsement if she is a resident of the same household. The failure of the company to insert a name in the blank provided therefor indicates a lack of desire to change the normal meaning of the "Named Insured" under the terms of the death indemnity provisions. That the Company intended to incorporate terms of the policy where stated in the Declarations is established by the final sentence in the Declarations section, where it states that the agreement is subject to the "terms of this endorsement and of the policy:"

That the Plaintiff intended, when he purchased the insurance endorsement, to include coverage for both himself and his wife for automobile indemnity.

The technical definitions section of the death indemnity provisions contained in exhibit A attached hereto is in direct conflict with the Declarations clause and does not, in itself, negate the inclusion of the insured's spouse under definitions found throughout the policy.

A direct ambiguity exists in the reading of the endorsement concerning which persons are included under its death indemnity provisions.

Findings of fact Nos. 5, 6, 7 and 8. We agree. If the provisions of an insurance contract are neither ambiguous nor difficult of comprehension the intent expressed in the policy will be enforced regardless of what coverage the insured may have thought he had. *Jeffries v. General Cas. Co. of America,* 46 Wn.2d 543, 283 P.2d 128 (1955). But

"There is another principle applying to contracts of insurance to the effect that, if they are so drawn as to require interpretation and fairly susceptible of two different conclusions, the one will be adopted most favorable to the insured; and will be liberally construed in favor of the object to be accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms prepared by experts at the instance of the insurer, in the preparation of which the insured has no voice." [*Guaranty Trust Co. v. Continental Life Ins. Co.,* 159 Wash. 683, 294 P. 585 (1930).]

*Jack v. Standard Marine Ins. Co.,* 33 Wn.2d 265, 271, 205 P.2d 351, 8 A.L.R. 1426 (1949); *Jeffries v. General Gas Co. of America, supra.* This holding places no excessive burden on insurance companies. It is a familiar principle of contract law that any ambiguity in a contract will be construed against the drafter. *Wise v. Farden,* 53 Wn.2d 162, 332 P.2d 454 (1958).

The language of the declaration section of the endorsement creates the ambiguity when that language is read by the average layman:

> The named insured shall be as stated in the policy, if an individual or if husband and wife who are residents of the same household; otherwise for the purpose of these Declarations the named insured is.................................................................

The insurance company argues that the endorsement is a separate contract divorced from the insurance policy and that the paragraph when read as a provision of the endorsement alone creates no ambiguity. The insured argues that "as stated in the policy" specifically refers him to the policy to determine coverage and he relies upon the definition of "named insured" that is found in the policy.

The rule in Washington regarding the interpretation of insurance contracts compels the result reached by the trial court. *See Jack v. Standard Marine Ins. Co., supra* and *Jeffries v. General Cas. Co. of America, supra.*

Affirmed.

JAMES and SWANSON, JJ., concur.