[No. 654-3. Division Three. May 8, 1973.]

AMERICAN STATES INSURANCE COMPANY, *Appellant,* v. HURD BROS., INC., *et al., Respondents.*

*Norman R. Nashem, Jr.* (of *Nashem, Prediletto, Brooks & Schussler*), for appellant.

*Michael D. Finney* (of *Walter & Whitaker*), for respondents.

GREEN, C.J.—This is an action for declaratory judgment brought by the plaintiff, American States Insurance Company, to determine the extent to which a policy of insurance issued by them to defendant, Hurd Bros., Inc., covered certain judgments in favor of defendants, Edgar and Betty McKay, and Harold S. Cox. The court declared coverage. Plaintiff appeals.

On February 25 and April 7, 1972, judgments were entered against Hurd Bros., Inc. in favor of McKay and Cox, respectively. The findings of fact supporting those judgments are essentially the same. In March and August 1970, Hurd Bros. installed air ventilating systems in potato storage sheds owned by Cox and McKay. Hurd Bros. guaranteed its workmanship for 1 year as to McKay and 2 years as to Cox.

In the middle of October 1970, McKay and Cox each received approximately 6,000 tons of potatoes in their storage sheds. Subsequently, they discovered their ventilating systems would not operate properly in either automatic or manual fashion so as to maintain the proper air temperature for the potatoes. As a result, the potatoes had to be removed 1 month early to prevent spoilage.

Judgment was entered in favor of McKay and Cox against Hurd Bros. for $5,121 and $983.66, respectively, as damages for lost storage charges caused by the early removal of the potatoes.[1] The trial court held that plaintiff's insurance policy covered these items of damage and declared plaintiff liable to pay those judgment items or hold Hurd Bros. harmless therefrom. The basis for this holding is not disclosed in the record.

The language of an insurance contract should be interpreted in accordance with the way it would be understood by the average man purchasing insurance. *Glen Falls Ins. Co. v. Vietzke,* 82 Wn.2d 122, 124, 508 P.2d 608 (1973). However, a court may not modify clear and unambiguous language in an insurance policy, *Tucker v. Bankers Life & Cas. Co.,* 67 Wn.2d 60, 406 P.2d 628, 23 A.L.R.3d 1098 (1965), or revise the insurance contract under the theory of construing it. *Jeffries v. General Cas. Co. of America,* 46 Wn.2d 543, 283 P.2d 128 (1955); *West American Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 80 Wn.2d 38, 44, 491 P.2d 641 (1971).

The insurance contract issued by American States to Hurd Bros. provided:

> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay by reason of the liability imposed by Law (a) upon him or (b) upon another (but assumed by the insured under a contract) as *damages* because of bodily injury or *property damage* to which this insurance applies, caused by an *occurrence.*

(Italics ours.) The foregoing italicized words are defined in the policy as follows:

> J. "Occurrence" means an event including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

---

[1] These judgments also included an award for the cost of repairing the air systems; however, defendants agree that this portion of the judgment is not covered by plaintiff's insurance policy.

L. "Property damage" means injury to or destruction of tangible property.

M. "Damages" includes, with respect to:

(1) bodily injury—damages for care and loss of services, and

(2) property damage—damages for loss of use of property.

The general coverage provision of the policy expanded by these definitions reads as follows:

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay by reason of the liability imposed by law (a) upon him or (b) upon another (but assumed by the insured under a contract) as damages [including loss of use of property] because of bodily injury or property damage [injury to or destruction of tangible property] to which this insurance applies, caused by an occurrence [an unexpected and unintended event resulting in property damage].

 In the instant case, the judgments sought to be covered are awards for loss of storage charges caused by the loss of use of a defective product. The judgments did not result from injury to or destruction of tangible property of either McKay or Cox. Therefore, the judgments do not fall within the general coverage provision of the policy.

Further, these judgments are specifically excluded from coverage under the policy:

THIS POLICY DOES NOT APPLY:

. . .

E. to damages [including loss of use of property], because of property damage [injury to tangible property], due:

(1) to the cost of repairing or replacing any defective goods or products manufactured, sold, handled or distributed by the named insured or defective work completed by or for the named insured;

(2) to the loss of use of any such defective goods or products or completed work, *or to damages* [including loss of use of property] *resulting from*

> *the loss of use of such defective goods or products or completed work.*

(Italics ours.)

It is evident that the judgments for loss of storage charges resulted from the loss of use of the storage sheds caused by the loss of use of the defective ventilating systems. Damages for loss of use of a defective product or loss of use of property resulting therefrom are excluded from coverage. Thus, the trial court erred in finding coverage.

We do not reach the question of whether the judgments are otherwise excluded under the policy.

■ Error is also assigned to the award of attorney's fees under RCW 7.24.100:

> In any proceeding under this chapter [declaratory judgments act], the court may make such award of costs as may seem equitable and just.

Attorney's fees (other than statutory) are not considered "costs" under this section and should not have been awarded. *Rocky Mountain Fire & Cas. Co. v. Rose,* 62 Wn.2d 896, 899, 385 P.2d 45, 1 A.L.R.3d 876 (1963). Each party shall bear its own costs on appeal.

Judgment reversed.

MUNSON and MCINTURFF, JJ., concur.