[No. 1852-2.   Division Two.   February 11, 1976.]

ROBERT M. NEVERS, *Appellant*, v. AETNA INSURANCE COMPANY, INC., *Respondent.*

*Dennis J. LaPorte,* for appellant.

*Charles M. Davis* and *Paul M. Poliak* (of *Madden & Poliak*), for respondent.

PEARSON, J.—Plaintiff Robert M. Nevers appeals from a judgment denying his claim for indemnity under his "all risks" yachtsman's hull policy with defendant, Aetna Insurance Company.

The facts are simple. Plaintiff purchased the boat and obtained the most comprehensive insurance coverage available. Subsequently it was discovered that he had purchased

a stolen boat, and he surrendered it to the true owner.

The issue on appeal is whether the insuring agreements of the policy were broad enough to encompass a loss of the boat due to a defective title. We agree with the trial court's determination that the policy did not cover the loss.

The pertinent provisions of the insuring agreements and exclusions are as follows:

Perils. The insurance provided by this section covers against:

(a) Fire and all risks of physical loss or damage to the described property from any external cause, except as hereinafter provided.

(b) Physical loss or damage to the described property directly caused by the following:

(1) Explosions, bursting of boilers, breakage of shafts, or any latent defect in the machinery or hull (excluding the cost and expense of replacing or repairing the defective part);

(2) Negligence of master, mariners, engineers or pilots; provided such loss or damage has not resulted from want of due diligence by the owner of the yacht or by the insured.

There are several exclusions listed in the policy which are not pertinent to the issue. There is no exclusion, however, for defects in title. Plaintiff contends that the term "all risks" is broad enough to cover title defects; that he or the average man would believe the title defect to be encompassed within the coverage; and that he, as the insured, is entitled to the most favorable construction of the policy provision. *Safeco Ins. Co. of America v. McManemy*, 72 Wn.2d 211, 432 P.2d 537 (1967).

Plaintiff's contention has one serious flaw. He attempts to isolate the term "all risks" from the balance of the insuring agreement in order to create an ambiguity which will work to his advantage. We agree with the trial court's determination that, read as a whole, there is no ambiguity in the phrase "all risks of physical loss or damage to the described property from any external cause . . . ." Defective title is clearly not a "physical loss or damage . . . from any external cause . . . "

■ While a phrase in an insurance policy must be interpreted in accordance with the way it would be understood by the average man purchasing insurance, *Ames v. Baker*, 68 Wn.2d 713, 415 P.2d 74 (1966), the phrase should not be isolated and construed by itself without reference to its context or the purpose of the provision in which the phrase is contained. *Riordan v. Commercial Travelers Mut. Ins. Co.*, 11 Wn. App. 707, 525 P.2d 804 (1974).

■ When read in that context and with the purpose of the insuring agreement[1] in mind, we find no ambiguity, and the provision is easily understood. Consequently, the policy should be enforced according to its clear meaning and purpose, regardless of the coverage insured thought he had.[2] *See Dennis v. Great American Ins. Co.*, 8 Wn. App. 71, 503 P.2d 1114 (1972).

Second, it is axiomatic that insurance coverage of this kind customarily insures risks which occur within the policy period of coverage, and does not insure undisclosed events which take place prior to the effective date of coverage. The defect which resulted in plaintiff's loss of the boat clearly preceded the effective date of the policy. *See Greene v. Cheetham*, 293 F.2d 933 (2d Cir. 1961).

Plaintiff also has urged that exclusionary clauses are generally narrowly construed. Since this policy does not have an express exclusion for title defects, plaintiff contends the court must decide that the risk was not to be excluded from coverage.

This argument misses the point. We are not here dealing with the exclusion provisions of the policy, but with the basic insuring agreement. That agreement, by its terms, applies to physical loss or damage from external causes. The defect in title simply does not come within the plain terms of the insuring agreement.

---

[1]The purpose of the insuring agreement is clearly to insure against damage *or* physical loss *to the boat* caused by fortuitous or external circumstances, rather than to warrant the quality of plaintiff's title.

[2]There are no facts in this case which would give rise to a claim of estoppel or misrepresentation as to coverage.

Finally, plaintiff contends that even with defective title, he had an insurable interest in the boat. This argument is totally irrelevant to the present controversy, since defective title is not one of the insured perils.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.