HRG Development Corporation *vs.* Graphic Arts
Mutual Insurance Company.

No. 87-671.

Worcester. February 11, 1988. — September 14, 1988.

Present: Brown, Kaplan, & Smith, JJ.

*Insurance,* "All risk" policy, Coverage.

An "all risk" endorsement on a policy of insurance covering an insured's
heavy construction equipment for "physical loss or damage from any
external cause" did not provide coverage for a defect in the insured's
title to the equipment [376-378].

Civil action commenced in the Superior Court Department
on August 26, 1986.

The case was heard by *Robert V. Mulkern,* J., on a motion
for summary judgment.

*Richard T. Tucker* for the plaintiff.

*Eric M. Mehnert (Eugene G. Coombs, Jr.,* with him) for
the defendant.

Brown, J. This action was brought pursuant to G. L.
c. 231A, seeking a declaration of the rights and duties of the
parties under a so-called "all risk" contract of insurance issued
to the plaintiff (HRG) by the defendant (Graphic Arts). After
a hearing on the plaintiff's motion for summary judgment, the
judge filed a "memorandum of decision" and entered summary
judgment against the plaintiff. From that judgment the plaintiff
appeals.

HRG (formerly known as Goldstein & Gurwitz, Inc.) pur-
chased a multi-peril insurance policy on or before May 1,
1985, for the policy period of May 1, 1985, through May 1,
1986. The policy contained an endorsement covering HRG's
heavy construction equipment against "all risks of physical
loss or damage from any external cause . . . ." That endorse-

ment also provided for thirteen specific categories of exclusion. In addition, the policy contained seven "special conditions."

On or about April 8, 1986, the plaintiff was served with the complaint in the matter of H. Leverton & Co., Ltd. *vs.* Goldstein & Gurwitz, Inc.[1] The plaintiff (Leverton) in that action brought suit for "replevin and damages to obtain relief for the wrongful acquisition" of certain heavy equipment. Leverton alleged that it was the true owner of the equipment and that it had perfected its right to the equipment by registration. Leverton sought a return of the equipment in HRG's possession or control, an accounting of monies received for the sale of any equipment, damages and a declaration that any conveyance of the equipment by HRG is null and void. HRG subsequently requested that its insurer, Graphic Arts, defend the action and indemnify it against any and all claims for defects in title. The insurer refused to do so, claiming that the policy provided no coverage for this type of loss. This action ensued.[2]

The only issue on appeal is whether the "all risks" insurance policy covers defects in title. The relevant clause states:

> "This policy insures against *all risks of physical loss or damage from any external cause. . . .*"

The plaintiff argues that the plain and ordinary meaning of this language compels coverage under the policy not only for all risks of damage occurring from any external cause, but also for risks of loss without physical damage as well. The trial judge disagreed and ruled that the plain meaning of the language was that the policy "only applies to physical losses" and that it did not cover losses occasioned by a defect in title. There was no error.

---

[1] This action was brought in the United States District Court for the District of Massachusetts.

[2] HRG specifically claimed that Graphic Arts "is contractually bound to provide a defense for [it] and to indemnify [it] for any judgment or loss sustained in [the Leverton action]."

HRG, in support of its contention that defective title is covered under the "all risk" policy, cites *Sun Ins. Office, Ltd.* v. *Clay,* 133 So.2d 735 (Fla. 1961). There, the court stated that an "all risk" insurance policy was a " 'type of contract . . . said to cover every conceivable loss or damage . . . except when occasioned by the willful or fraudulent act of the insured.' 2 Richards on Insurance § 212 [5th ed. 1952]." *Id.* at 739. The plaintiff would thus have us conclude that since the insurer does not exclude from coverage loss or damage arising from defective title, it must come within the "all risks" provision of the policy. We reject that argument for several reasons.

In construing "all risk" policies of insurance "[t]he 'risk' comprehended [in such a policy] has been characterized as: 'a fortuitous event — a casualty.' " *Standard Elec. Supply Co.* v. *Norfolk & Dedham Mut. Fire Ins. Co.,* 1 Mass. App. Ct. 762, 764 (1974), quoting from *Mellon* v. *Federal Ins. Co.,* 14 F.2d 997, 1004 (S.D.N.Y. 1926).[3] Later this court stated that "[a]n 'all risk' policy is designed to extend protection against the kind of 'fortuitous loss' which is not usually covered under other insurance." *Mellon* v. *Hingham Mut. Fire Ins. Co.,* 19 Mass. App. Ct. 933, 935 n.1 (1984), quoting from *Standard Elec. Supply Co.* v. *Norfolk & Dedham Mut. Fire Ins. Co.,* 1 Mass. App. Ct. at 763. See Gorman, All Risks of Loss v. All Loss, 34 Notre Dame Law. 346, 353 (1959).

In the instant case, not only is it highly questionable whether an alleged defect in title is a "fortuitous loss" as that term has been defined; it is also evident that the loss or damage could have been covered by other insurance — i.e., title insurance. See G. L. c. 175, § 47, eleventh par. and §§ 114 et seq. Indeed, if "all risk" coverage were as broad as the plaintiff

---

[3] "It covers a risk, not a certainty; it is something, which happens to the subject-matter from without, not the natural behaviour of that subject-matter, being what it is, in the circumstances under which it is carried. Nor is it a loss which the assured brings about by his own act, for then he has not merely exposed the goods to the chance of injury, he has injured them himself." *Standard Elec. Supply Co.* v. *Norfolk & Dedham Mut. Fire. Ins. Co.,* 1 Mass. App. Ct. at 764 (footnote omitted). See Gorman, All Risks of Loss v. All Loss, 34 Notre Dame Law. 346, 351-352 (1959).

argues, there would be little reason for one to purchase title insurance.

It also should be noted that the plaintiff here would not be able to show that the "risk" occurred within the period covered by the policy. Nor do we think the salient phrase ("physical loss or damage") fairly can be construed to mean physical loss in the absence of *physical* damage. In every listed exception, save one, the "loss[es] or damage[s]" set forth are essentially of a physical nature.[4] In addition, two of the "special conditions" of the policy tend to reinforce our view that the policy was intended to cover *physical* losses and damages.[5]

There are no cases precisely on point in this Commonwealth. However, the Washington State Appeals Court has dealt with this identical issue in *Nevers* v. *Aetna Ins. Co.*, 14 Wash. App. 906 (1976). There, the plaintiff's newly purchased boat was covered by an " 'all risks' yachtsman's hull [insurance] policy." The plaintiff subsequently discovered that his title to the boat was defective. The rightful owner demanded that the boat be returned. The plaintiff surrendered the boat and sought recovery for the loss under his "all risks" policy. That court held that "all risks" policies do not cover defects in title.[6]

The reasoning of the *Nevers* court that the plaintiff's loss preceded the effective date of the policy is also persuasive.[7]

---

[4] Of the two exceptions cited by the plaintiff in support of its argument that coverage is not limited solely to losses of a physical nature, only the exception pertaining to "infidelity or dishonest acts" would seem to provide any support.

[5] Condition #4 provides that "[i]t is a condition of this insurance that all articles insured hereunder are in sound condition at the time of attachment of this insurance," and condition #3 states that "[u]pon the Company's request, the named insured shall exhibit the damaged property to the Company. . . ."

[6] "The purpose of the insuring agreement is clearly to insure against damage *or* physical loss *to the boat* caused by fortuitous or external circumstances, rather than to warrant the quality of plaintiff's title" (emphasis in original). 14 Wash. App. at 908 n.1.

[7] Before reaching this conclusion, the *Nevers* court stated that "defective title is clearly not a 'physical loss or damage . . . from any external cause . . .'." 14 Wash. App. at 907. Relying upon that assertion, the Court found that there was no coverage under the "all risks" policy.

The *Nevers* court stated:

> "[I]t is axiomatic that insurance coverage of this kind customarily insures risks which occur in the policy period of coverage, and does not insure undisclosed events which take place prior to the effective date of coverage. The defect which resulted in plaintiff's loss of the boat clearly preceded the effective date of the policy. See *Greene* v. *Cheetham*, 293 F.2d 933 (2d Cir. 1961)." *Id.* at 908.

We think that the same alternative rationale should apply in the instant case. HRG's loss occurred before it had an insurable interest in the property. For this reason, as well as those previously discussed, the "all risk" policy does not provide coverage for a defect in title.

*Judgment affirmed.*