Philip W. Aaron, Aaron, Riechert, Carpol & Riffle, Redwood City, Cal., for defendants-appellants.

Marilyn Raia, Derby, Cook, Quinby & Tweedt, San Francisco, Cal., for plaintiff-appellee.

**COMMERCIAL UNION INSURANCE CO., Plaintiff-Appellee,**

v.

**Richard SPONHOLZ; Ingrid Sponholz, Defendants-Appellants.**

**No. 88-1586.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 1989.

Decided Jan. 31, 1989.

Before BROWNING, BEEZER and KOZINSKI, Circuit Judges.

BEEZER, Circuit Judge:

Richard and Ingrid Sponholz appeal a declaratory judgment which determined that the marine insurance policy issued by Commercial Union Insurance Company did not cover loss of their trawler due to a defective title. We review grants of declaratory judgment de novo, *United States v. State of Washington*, 759 F.2d 1353, 1356-57 (9th Cir.1985) (per curiam en banc), and affirm.

The Sponholzes purchased a 43-foot trawler which they insured under a Commercial Union marine insurance policy. During the term of the policy, the trawler was confiscated by the police as a stolen vessel. The Sponholzes filed a claim with Commercial Union for the value of the trawler, which Commercial Union denied. Commercial Union then filed suit under 28 U.S.C. § 2201, asking for declaratory relief.

The district court[1] granted Commercial Union's motion for summary judgment, ruling that the insurance policy was a casualty policy rather than a title policy. The

---

[1] The Sponholzes claim that the district court incorrectly assumed diversity jurisdiction. Even if that is true, marine insurance on vessels is clearly within the jurisdiction of the district court under 28 U.S.C. § 1333. *Royal Ins. Co. v. Pier 39 Ltd. Partnership*, 738 F.2d 1035, 1036-37 (9th Cir.1984).

Sponholzes counter that the phrase "all risks" as used in the policy must be interpreted broadly to cover any event that results in the Sponholzes not possessing the trawler.

The Sponholzes correctly observe that, in California,[2] ambiguous or unclear language in insurance policies is construed against the insurer and in favor of the insured. *Reserve Ins. Co. v. Pisciotta*, 30 Cal.3d 800, 807, 180 Cal.Rptr. 628, 640 P.2d 764 (1982). A corollary to this rule of construction is that " 'if semantically permissible, the contract will be given such construction as will fairly achieve its object of providing indemnity for the loss to which the insurance relates.' " *Id.* at 807–08, 180 Cal.Rptr. 628, 640 P.2d 764 (citation omitted).

"It is also well established, however, that this rule of construction is applicable only when the policy language is found to be unclear." *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal.3d 903, 912, 226 Cal.Rptr. 558, 718 P.2d 920 (1986). As the California Court of Appeals put it, "strict construction does not mean strained construction. We may not, under the guise of strict construction, rewrite a policy to bind the insurer to a risk that it did not contemplate and for which it has not been paid." *Safeco Ins. Co. v. Gilstrap*, 141 Cal.App.3d 524, 533, 190 Cal.Rptr. 425 (1983) (citations omitted).

The district court was correct in distinguishing title insurance and casualty insurance. "Title insurance has been regarded as a separate type of contract not falling within any of the three basic classes of insurance." R. Keeton, *Insurance Law* 17 (1971). Although there are no decisions from California that distinguish casualty insurance from title insurance, the Washington Court of Appeals faced a nearly identical question in *Nevers v. Aetna Ins. Co.*, 14 Wash.App. 906, 546 P.2d 1240 (1976). The *Nevers* court noted that "[d]efective title is clearly not a 'physical loss or damage' " and held that, even in light of Washington's liberal rules of construction, an "all risk" casualty policy did not cover confiscation of a stolen vessel. 546 P.2d at 1241.

Similarly, the Sponholzes claim that under California law it is reasonable to read the phrase "all risks" as encompassing seizure of the trawler because it was stolen. *See Producers Dairy Delivery Co.*, 41 Cal.3d at 912, 226 Cal.Rptr. 558, 718 P.2d 920 ("A policy provision is ambiguous when it is capable of two or more constructions, both of which are reasonable."). The Sponholzes are incorrect. It is not reasonable to interpret a policy so broadly that it becomes another type of policy altogether. *See Harris v. Glenn Falls Ins. Co.*, 6 Cal.3d 699, 701, 100 Cal.Rptr. 133, 493 P.2d 861 (1972) ("[T]he contract will be given such construction as will fairly achieve its object of providing indemnity *for the loss to which the insurance relates.*" (emphasis added)); *National Auto. & Casualty Ins. v. Contreras*, 193 Cal.App.3d 831, 836, 238 Cal.Rptr. 627 (1987) (broad interpretation will be made "in the context of the policy and the purposes which it serves"); *Safeco Ins. Co.*, 141 Cal.App.3d at 533, 190 Cal.Rptr. 425.

The marine insurance policy issued by Commercial Union was a casualty policy. If necessary, it can be broadly interpreted, as a casualty policy. It cannot, however, be converted into a title insurance policy merely because the Sponholzes encountered a difficulty for which they were not insured.

AFFIRMED.

---

**2.** State law is used to interpret the insurance contract. *Kalmbach, Inc. v. Insurance Co. of the State of Pennsylvania*, 529 F.2d 552, 554–55 (9th Cir.1976).