[No. 13652-3-III.   Division Three.   May 18, 1995.]

U.S. LIFE CREDIT LIFE INSURANCE COMPANY, *Respondent,*
v. DAVID O. WILLIAMS, ET AL, *Appellants.*

*Stephen L. Palmberg,* for appellants.

*Richard E. Hayes, Christine M. Weaver,* and *Chase, Hayes & Kalamon,* for respondent.

SWEENEY, A.C.J. — David and Gloria Williams purchased a van from Easy Way Auto in Spokane. At the same time, they signed a certificate of insurance obligating U.S. Life Credit Life Insurance Company to provide disability insurance to the "Insured Obligor", who was listed as "David O. Williams, Jr." The certificate also included double handwritten x's rather than a single x in the boxes requesting disability insurance. The Williamses maintain that the double x's meant that both of them were to be covered by disability insurance. The question presented is whether a genuine issue of material fact exists. We hold the extrinsic evidence offered by the Williamses does not create an issue of fact and affirm the ruling of the trial court.

The Williamses bought a van from Easy Way Auto in Spokane. They also purchased credit insurance through Easy Way Auto which provided coverage under a creditor group life insurance policy with U.S. Life. This certificate listed Mr. Williams as the "Insured Obligor" and Mrs. Williams as the "Joint Obligor"; their names were filled in by hand on a preprinted form. The premiums for the joint life coverage and the disability coverage were shown on the certificate. The certificate of insurance provided that "Joint Decreasing Term Life" would be provided in addition to "Disability Coverage (Insured Obligor Only)". Boxes next to the coverage selections have double x's instead of a single x.

Mrs. Williams was disabled in March of 1989 as the result of an automobile accident. She filed a claim for disability benefits under the policy. U.S. Life made one payment but subsequently notified her that no further payments would be made because she was not the insured obligor on the certificate.

The Williamses sued U.S. Life in April 1990 for recovery of all monthly vehicle payments made. U.S. Life filed a declaratory judgment action asking for a judicial declaration that it had no duty to provide disability coverage to Mrs. Williams. It moved for summary judgment, supported by the affidavit of James S. Valentine, the vice president and general counsel for U.S. Life. That affidavit represented that

"only a premium covering a single insured was charged and paid for the disability insurance" and that Mr. Williams was identified as the insured obligor. U.S. Life also submitted copies of the basic group policy and disability rider issued to Easy Way Auto, the conditional sales agreement, and the certificate of insurance issued to the Williamses.

In opposition, the Williamses submitted the affidavit of Mrs. Williams that Easy Way Auto had represented orally that disability coverage would be extended to both of them and that the double x's in the insurance coverage boxes showed both were covered. The Williamses also submitted the signed conditional sales agreement executed at the same time and a later executed letter of understanding regarding the length of the insurance coverage.

The court ruled that the express terms of the written certificate of insurance unambiguously provided disability coverage only for Mr. Williams. Applying the parol evidence rule, it barred the admission of the extrinsic evidence and granted U.S. Life's motion.

In an unpublished opinion, we reversed and remanded, holding that evidence offered by the Williamses was admissible "to aid in interpreting the parties' intent in double x'ing the coverage boxes", citing *Berg v. Hudesman*, 115 Wn.2d 657, 667, 801 P.2d 222 (1990). *U.S. Life Credit Life Ins. Co. v. Williams*, noted at 68 Wn. App. 1047, cause 11890-8-III (Jan. 26, 1993), slip op. at 5.

On remand the court again granted U.S. Life's motion for summary judgment. It concluded that Mrs. Williams' affidavit did not raise a genuine issue of material fact and that Mrs. Williams was not an insured obligor under the policy. This appeal follows.

## Discussion

■ The standard of review from a summary judgment is well settled. *Grimsrud v. State*, 63 Wn. App. 546, 548-49, 821 P.2d 513 (1991); *Kennedy v. Sea-Land Serv., Inc.*, 62 Wn. App. 839, 855, 816 P.2d 75 (1991) (on summary judgment this court engages in the same inquiry as the trial court).

■ Absent fraud, accident or mistake, parol evidence is not admissible to add to, modify, or contradict the terms of a written contract. Parol evidence is, however, admissible to "show the situation of the parties and the circumstances under which a written instrument was executed, for the purpose of ascertaining the intention of the parties and properly construing the writing". *Berg*, at 669 (quoting *J.W. Seavey Hop Corp. v. Pollock*, 20 Wn.2d 337, 348-49, 147 P.2d 310 (1944)). But such evidence is admitted "for the purpose of aiding in the interpretation of what is in the instrument, and not for the purpose of showing intention independent of the instrument." *Berg*, at 669 (quoting *J.W. Seavey*, at 349).

The Williamses concede that the standard form insurance certificate expressly restricts disability coverage to the insured obligor. They argue, however, that Easy Way Auto was the authorized agent of U.S. Life and in that capacity modified the contract to provide disability insurance coverage for Mrs. Williams by handwriting in dual x's on the insurance contract. Mrs. Williams' affidavit indicates that the couple told Easy Way Auto they would not purchase the van without joint disability coverage because they would have to rely on both of their incomes for the payments. According to her, Easy Way Auto advised them "that it could and would provide the requested coverage . . ." and that the use of dual x's indicated that all insurance covered both of them.

The Williamses rely on *Green River Vly. Found., Inc. v. Foster*, 78 Wn.2d 245, 473 P.2d 844 (1970) for the proposition that the handwritten provisions (the dual x's) prevail over the conflicting printed provisions. Their reliance is misplaced. Two documents were involved in *Green River*: a printed earnest money form and a promissory note. Each referred to the other. The promissory note contained a typewritten provision that it was subject to a specifically numbered earnest money agreement. The court relying on well-established rules of construction concluded that the typed restriction controlled over the printed recital. *Green River*, at 249.

■■ Our purpose in interpreting a contract is to ascertain the intention of the parties. *Berg*, at 663 (quoting Arthur L.

Corbin, *The Interpretation of Words and the Parol Evidence Rule*, 50 Cornell L.Q. 161, 162 (1965)). The dual x's tell us nothing about the intention of the parties. Certainly, the certificate does not instruct that one x indicates single coverage and dual x's indicate joint coverage. Parol evidence may not import into a writing an intention not expressed therein. *Berg*, at 669 (quoting *J.W. Seavey*, at 349). There is no expressed indication in the certificate of insurance that joint disability coverage was intended. And "[u]nilateral or subjective purposes and intentions about the meanings of what is written do not constitute evidence of the parties' intentions." *Lynott v. National Union Fire Ins. Co.*, 123 Wn.2d 678, 684, 871 P.2d 146 (1994). The Williamses' subjective understanding that dual x's indicated joint disability coverage does not create an issue of material fact.

■ The Williamses further argue that the insurance contract should be strictly construed against U.S. Life. Contracts of insurance which are ambiguous, *i.e.*, fairly susceptible to two meanings, will be construed against the insurer. *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986) (quoting *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 435, 545 P.2d 1193 (1976)). But the terms of the certificate of insurance here are neither ambiguous nor difficult to comprehend. *Dennis v. Great Am. Ins. Cos.*, 8 Wn. App. 71, 74, 503 P.2d 1114 (1972). The Williamses attempt to create an ambiguity by their subjective unilateral interpretation of the insurance certificate.

The Williamses also contend that the conditional sales agreement modified the certificate of insurance and evidences their purchase of joint disability coverage. Their argument is based on the following language in the sales agreement:

### TERMS AND CONDITIONS

. . . .

12. *Purpose of Insurance.* Insurance coverages mentioned on the front of this contract have the following purposes:

. . . .

d. *Credit Life, Health and Accident.* To make payments on this contract while *I* am disabled, and to pay the unpaid balance if *I* die.

(Italics ours.) Below the designation "Life Insurance — Procured By Seller" is the following language: "Please purchase insurance for me of the type and for the premium amount shown above." Both Williamses signed the directive.

The Williamses argue that since they both signed the conditional sales agreement and the word "I" is defined as each buyer who signs, they both should have been provided with disability coverage. But the sales agreement refers to, and incorporates by reference, the certificate of insurance which specifically sets forth the insurance coverage provided. More significantly, the sales agreement is not the insuring contract between the insured and the insurer, the certificate of insurance is. The sales agreement does not modify the certificate of insurance to provide Mrs. Williams with disability coverage.

Finally, the Williamses argue that the printed certificate of insurance was modified by a later signed, handwritten note by Easy Way Auto, which read:

> Customer understands Credit Life & Disability is for 84 mo not 120. In the event insurance is used coverage is only for 84 mo. or till 7-21-95. When insurance runs out they do have the option to renew.

Both Williamses signed the note. Although the note refers to the length of coverage for the credit life and disability terms, it does nothing to modify the certificate's designation of Mr. Williams as the sole insured obligor. Mrs. Williams was a covered insured for the decreasing term life policy. The note does not distinguish between credit life and disability insurance. Her signature on the note does not raise a material issue of fact that she was provided disability insurance.

The judgment of the trial court is affirmed.

MUNSON and SCHULTHEIS, JJ., concur.

Review granted at 127 Wn.2d 1016 (1995).