ROBERT S. PIRIE & another[1] *vs.* FEDERAL INSURANCE COMPANY. No. 96-P-1930. July 17, 1998. *Insurance,* Homeowner's insurance, Construction of policy, Coverage. *Lead Poisoning. Words,* "Physical loss."

The question presented is whether legally required deleading constitutes an insured "physical loss" within the terms of a homeowner's property insurance policy. The plaintiffs have owned a rental house at 639 Bay Road in Hamilton since 1980. The house, constructed in 1840, was found to have substantial quantities of lead paint on its walls, ceilings, windows, and railings in 1994.

The plaintiffs obtained a property insurance policy from the defendant, Federal Insurance Company, prior to July 18, 1994. The policy stated:

> "Your policy provides coverage against physical loss if your home or its contents are damaged, destroyed or lost. . . . [A] 'covered loss' includes all risk of physical loss to your house or other property covered . . . unless stated otherwise or an exclusion applies."

In early September, 1994, the plaintiffs leased out 639 Bay Road to the Strangies, a family with two children under the age of six. Within the first

[1]Deirdre H. Pirie.

month of the Strangies' tenancy, the plaintiffs learned that the Strangie children had tested for high levels of lead. The plaintiff landlords questioned whether the Strangie children could have ingested the lead at 639 Bay Road as they had lived there only a short time. There was no peeling or chipping paint, paint dust, or ongoing work during the Strangies' tenancy or during the policy period, which began July 18, 1994. The plaintiffs had the water supply tested and found that the lead content in the water was deemed acceptable.

The situation took an unfortunate turn for the plaintiffs when the Department of Public Health (DPH) Childhood Lead Poisoning Prevention program sent an inspector to 639 Bay Road. As a result of his visit, the inspector found levels of lead paint many times the legal limit in every room of the 154-year-old house. On October 7, 1994, the DPH issued to the plaintiff landlords an Order to Correct Violations. The order cited the lead paint problem and found violations of G. L. c. 111, § 197, 105 Code Mass. Regs. § 460.000, and the State Sanitary Code. The DPH ordered the landlords to abate all violations using a licensed deleading contractor within ninety days.

The essence of the plaintiffs' claim below was that their financial losses as a result of the DPH order to deadead and the Strangies' termination of the lease constituted an insured "physical loss" under their homeowner's property insurance policy and are, therefore, covered. The defendant disagreed, arguing that without an actual fortuitous physical loss to the insured property during the policy period, e.g., a fire, there was no "physical loss" and, thus, no coverage.[2]

A judge of the Superior Court granted summary judgment for the insurer on all claims. The plaintiffs later moved for reconsideration, alleging that the existence of a third-party lead poisoning claim by the plaintiffs' tenants constituted newly discovered evidence pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828-829 (1974). The motion judge denied the rule 60(b) motion, noting that the plaintiffs' complaint in this case dealt with coverage for physical loss to property and not coverage for claims of personal injury. The judge also noted that only property damage coverage was at issue in the summary judgment proceeding.

We think the reasoning of *HRG Dev. Corp.* v. *Graphic Arts Mut. Ins. Co.*, 26 Mass. App. Ct. 374, 377 (1988), controls the circumstances of this case in material respects. Consistent with the reasoning of *HRG Dev. Corp.*, an internal defect in a building (e.g., bad title, bad paint, etc.) does not rise to the level of a physical loss. This is particularly so because, here, as in *HRG Dev. Corp.*, the policy also contains numerous references to specific types of physical damage which are covered.

The summary judgment record also provides an alternative rationale to support the defendant's denial of coverage. It is undisputed that the offending substance that caused the plaintiffs' loss had its origin before the plaintiffs "had an insurable interest in the property." *Id.* at 377-378, and cases cited. In short, the plaintiffs' "loss" preceded the effective date of the policy.

Similar litigation concerning asbestos supports our reasoning. Decisions of courts that have considered claims involving asbestos in buildings and the need to abate asbestos under policies similarly requiring "physical loss" are particularly instructive. See, e.g., *Great Northern Ins. Co.* v. *Benjamin Frank-*

---

[2]The defendant also cited in the alternative several policy exclusions.

*lin Fed. Sav. & Loan Assn.*, 793 F. Supp. 259, 263 (D. Or. 1990), aff'd, 953 F.2d 1387 (9th Cir. 1992).

*Judgment affirmed.*

*Philip Y. Brown* for the plaintiffs.
*James S. Harrington* for the defendant.