Dae Assoc., LLC v AXA Art Ins. Corp. (2018 NY Slip Op 01026)





Dae Assoc., LLC v AXA Art Ins. Corp.


2018 NY Slip Op 01026


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


652409/15 5683A 5683

[*1] Dae Associates, LLC doing business as Danese Gallery, Plaintiff-Appellant,
v
AXA Art Insurance Corporation, et al., Defendants-Respondents.


Carter Reich, PC, New York (Carter Reich of counsel), for appellant.
Wade Clark Mulcahy, New York (Dennis M. Wade and Michael A. Gauvin of counsel), for AXA Art Insurance Corporation, respondent.
Furman Kornfeld & Brennan LLP, New York (Andrew R. Jones of counsel), for Arthur J. Gallagher & Co. and Ellen Ross, respondents.
Goldberg Segalla LLP, New York (Peter J. Biging of counsel), for Wells Fargo Insurance Services of New York, Inc., respondent.



Orders, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about September 14, 2016, which granted defendants' motions to dismiss the complaint, and denied plaintiff's cross motion as moot, unanimously affirmed, with costs.
The all-risk policy at issue, which covered insured property for "all loss or damage to insured property," did not apply to plaintiff art gallery's contractual liability to purchasers of stolen artwork that was returned to its rightful owner (see HRG Dev. Corp. v Graphic Arts Mut. Ins. Co., 527 NE2d 1179, 1179 [Mass Ct App 1988]). "[D]efective title is clearly not a physical loss or damage . . . from any external cause" (Nevers v Aetna Ins. Co. Inc., 14 Wash App 906, 907 [1976]). Despite the fact that the phrase "loss or damage" in the policy was not qualified by terms such as "direct" or "physical," "[w]e may not, under the guise of strict construction, rewrite a policy to bind the insurer to a risk that it did not contemplate and for which it has not been paid" (Commercial Union Ins. Co. v Sponholz, 866 F2d 1162, 1163 [9th Cir 1989]). "Title insurance has been regarded as a separate type of contract not falling within any of the three basic classes of insurance. . . . It is not reasonable to interpret a policy so broadly that it becomes another type of policy altogether" (id.). Even if a possessory interest in stolen artwork that was returned to its rightful owner was sufficient to establish an insurance interest (see Scarola v Insurance Co. of N. Am., 31 NY2d 411, 413 [1972]), plaintiff did not possess the artwork at the time the purchasers demanded a refund that was guaranteed under their contract with plaintiff's representative.
The fifth and sixth causes of action, against the insurance broker defendants, were properly dismissed, with leave to replead the sixth cause of action for a "special relationship" with the broker defendants in a second amended complaint. "Although the parties' relationship lasted a considerable period of time and defendant [broker] assured plaintiff that his insurance needs were being met, these circumstances are not so exceptional as to support imposition of a fiduciary duty upon defendant" (Hersch v DeWitt Stern Group, Inc., 43 AD3d 644, 645 [1st Dept 2007]). A longstanding relationship alone is insufficient to establish a special relationship between plaintiff and the broker defendants. The amended complaint contains no specific [*2]allegations that plaintiff would meet with its broker every year to discuss the types of policies purchased, the limits to purchase, or what optional coverages should be purchased.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK