## ROSE HULTQUIST v. JAMES NOVAK.
## OCEAN ACCIDENT AND GUARANTEE CORPORATION, GARNISHEE.[1]

March 25, 1938.

No. 31,453.

[1]Reported in 278 N. W. 524.

*Sidney Benson* and *B. H. Bowler*, for appellant.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *Clyde W. Fiddes*, for garnishee.

LORING, JUSTICE.

These cases arise out of a controversy over the coverage of a liability insurance policy issued by the garnishee to the defendant. The trial court made findings and ordered judgments in favor of the garnishee. The plaintiffs moved for new trials and come here on appeal from orders denying their motions.

The minor plaintiff, Robert Hultquist, on October 6, 1933, when he was 11 years of age, went to the defendant's filling station at Twenty-fourth street and Hiawatha avenue, Minneapolis, and sought to purchase a penny's worth of gasolene for the purpose of cleaning a tricycle. He was accompanied by Richard Freeburg, another minor two years his junior. The attendant gave him about a quart of gasolene, which was put into a coffee can furnished by Robert, and as Robert was carrying away the can some of the liquid was spilled on his trousers. He and his little friend took the small can of gasolene across the road to a vacant lot where they found two other cans, into which they poured the gasolene. They then took the gasolene to the back yard of Richard's house two blocks from the filling station for the purpose of cleaning the tricycle as they had planned. Robert tipped over one of the cans and spilled some more of the gasolene on himself, and, since it was becoming dark, he struck a match to see what had happened. This ignited the

vapor from the gasolene, and the fire spread to Robert's clothing and he was severely burned. Actions were brought by the mother of Robert as his natural guardian, and also to recover for her loss of his services and the expenses incurred for the treatment of Robert's burns. The defendant defaulted in those actions, and the court made findings and ordered judgments against him in substantial amounts. The plaintiffs then initiated garnishment proceedings against this respondent, which denied liability under its contract with the defendant.

■ The garnishee's policy contract with the defendant agreed to insure him against loss by reason of liability imposed by law for damages on account of accidental bodily injuries, including death, within the limits expressed in the policy, which provided that it should apply only to such bodily injuries as are sustained or alleged to have been sustained as the result of an accident—(a) occurring on or about the premises described in the policy while used or occupied by the defendant for the purpose of conducting the business or work described therein; or (b) caused by the defendant's employes while engaged elsewhere in the performance of their duties. There is, of course, no contention that the accident here involved comes under subdivision (b). It is plaintiffs' contention that because some of the gasolene was spilled on Robert's clothes at the filling station the accident occurred "on or about" the premises within the meaning of the policy. We do not so read the contract. The place of happening of the accident controls the coverage under subdivision (a). Some circumstances may have occurred on the premises which may have contributed to an injury which resulted from an accident occurring elsewhere. This may have resulted in liability on the part of defendant without coming within the coverage of the policy because the accident did not happen within the area limited by the terms of the contract. We are concerned here with the whereabouts of the accident, not with the question of proximate cause. When Robert left the premises no damage had yet resulted from the spilling of the gasolene. No accident had occurred resulting in damage to anyone. As applied to

a filling station, "on or about" obviously does not cover private premises two blocks away.

■ Later on in the policy occurs the statement:

"THE FOREGOING AGREEMENTS ARE SUBJECT TO THE FOLLOWING CONDITIONS:

\* \* \* \* \* \*

"EXCLUSIONS.

"B. THIS POLICY SHALL NOT COVER BODILY INJURIES OR DEATH AS FOLLOWS: \* \* \* (5) Caused by the consumption or use elsewhere than upon the premises used by the Assured of any article or product manufactured, handled or distributed by the Assured unless such article or product and the distribution thereof is specifically described in the Declarations and a premium provided therefor; \* \* \*"

It then provides under the heading:

"DECLARATIONS.

"N. The Assured hereinbefore referred to is the Assured designated in the following Declarations, of which Declarations those numbered one to seven inclusive, the Assured, by the acceptance of this policy, makes and warrants to be true, except such as are made as matters of estimate only."

Then follows under that heading paragraph 5, which reads in part as follows:

"DESCRIPTION OF BUSINESS OR WORK COVERED BY THIS POLICY AND CLASSIFICATIONS OF RISK, including the operative management and superintendence thereof, conducted at the insured premises defined above.

"(a) All operations and processes necessary and commonly incidental to the business or work herein described as follows \* \* \* Gasoline and Oil supply station—Retail \* \* \*."

The premium named is $15, which is elsewhere stated in the contract to be the minimum premium for the policy.

The trial court took the view that these provisions, being stated under the title "EXCLUSIONS," were not intended to extend the cov-

erage of the policy in the absence of a statement in the declarations specifically describing any product and its distribution; that no premium for the coverage due to hazards caused by the consumption or use elsewhere than upon the premises of products distributed therefrom was provided for any such extra hazard. With that view we agree. The minimum premium for the policy was $15, and no additional or otherwise specified premium was stated for any hazard covering the use, consumption, or distribution of any products off the premises.

We are of the opinion that the trial court was right in its construction of the policy and that the same did not cover the accident in which Robert was injured.

The orders appealed from are affirmed.

