PETER WEISS *et al.*, Plaintiffs-Appellees, *v.* BITUMINOUS CASUALTY CORPORATION, Defendant-Appellant.

(No. 56924; ▮▮▮▮▮▮▮▮)

First District (2nd Division)—June 5, 1973.

*Rehearing denied November 13, 1973.*

638

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (Leonel I. Hatch, Jr., D. Kendall Griffith, and Jonathan J. Samuels, of counsel,) for appellant.

Hoffman & Davis, of Chicago, (Sol A. Hoffman and Alvin L. Kruse, of counsel,) for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This is an appeal by defendant insurance company from a declaratory judgment finding that under the terms of its policy it is obligated to defend plaintiffs in a suit for personal injuries brought against them by Norman Zblewski.

In 1969, plaintiffs Weiss and Lenobel were partners doing business as Shamrock Scrap Iron & Metals Company, collecting and selling various scrap metals. The complaint alleges that some time prior to March 7, 1969, plaintiffs placed a load of magnesium onto a semi-trailer; however, the magnesium was not in waterproof containers and was not sealed. A contract was entered into with a common carrier, C. W. Transport, Inc., to ship the material to Ohio, and on March 7, 1969, the trailer was picked up by Zblewski, an employee of the carrier. En route to Ohio, the metal exploded, causing injury to Zblewski. He filed suit against Weiss and Lenobel, alleging that the metals were negligently loaded. Defendant refused to defend, and this action was filed. The trial court granted plaintiffs' motion for summary judgment.

The policy purchased by plaintiffs provided in pertinent part:

"MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE COVERAGE FOR PREMISES AND FOR THE NAMED INSURED'S OPERATIONS IN PROGRESS.

I. Coverage A—Bodily Injury Liability.

Coverage B—Property Damage Liability.

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damage on account of such bodily injury or property damage."

The insurance policy in question specifically excludes coverage under the "manufacturers' and contractors' hazard" for injuries arising out of the "completed operations hazard." The latter was defined as follows in the policy:

"'completed operations hazard' include bodily injury and property damage arising out of operations  *  *  *  but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed.

(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed,  *  *  *.

*  *  *

The completed operations hazard does not include bodily injury or property damage arising out of

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof."

The sole question presented is whether the allegations of Zblewski's complaint fall within the insurance coverage. This policy, titled a Manufacturers' and Contractors' policy, provides coverage only for injuries which occur on premises owned or rented by the insured. It does not cover injuries occurring off the premises of the insured, even though the acts of negligence causing the injury occurred on the premises, such as the negligent loading of a vehicle or failure to warn of the condition of its contents. *Accord, Smith v. Maryland Casualty Co.,* 246 Md. 485, 229 A.2d 120 (1967); *Bitts v. General Accident Fire & Life Assur. Corp.* (9th Cir. 1960), 282 F.2d 542; *Hultquist v. Novak* (1938), 202 Minn. 352, 278 N.W. 524.

Thus, the policy basically provides coverage for liability arising from

the ownership, maintenance or use of the premises and all operations necessary or incidental thereto. It specifically excludes coverage for liability arising from the completed operations hazard. Whether the defendant is obligated under the policy to defend is, of course, dependent on the allegations as contained in the complaint. In *McFadyen v. North River Insurance Co.*, 62 Ill.App.2d 164, 170-71, the court said:

> "The insurer's duty to defend is predicated * * * upon the allegations in the complaint in an action brought against the insured and when such allegations state facts which bring the case within, or potentially within, the coverage of the policy, the insurer is from this time on unjustified in not defending the insured."

Our reading of this policy is that operations "in connection with the transportation of property" are not included within the completed operations hazard "unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof." The bodily injury involved here falls within the "unless" clause and therefore remains within the completed operations hazard if it was otherwise within that hazard. To determine the latter point, one inquires when operations are to be deemed completed, and the policy replies "at the earliest of the following times:

> (1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,
>
> (2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed * * *."

In determining the potential liability of the named insured under the allegations of the Zblewski complaint, plaintiff insured asks us to consider the potential fact that the insured's contract with his buyer called for the insured to deliver the metal to the buyer in Ohio. We hereby assume that it did. On that assumption, operations would not have been completed under the wording of clause 1 above, but would have been completed under the wording of clause 2. Since clause 2 is the earlier time, we conclude that operations had been completed. Since operations had been completed and the bodily injury occurred away from the insured's premises, the bodily injury involved here is within the completed operations hazard for which plaintiff insured had no coverage.

The policy excludes injury occurring off the premises, and the trial court erred in finding coverage under the circumstances presented here.

Judgment reversed.

STAMOS, P. J., and HAYES, J., concur.