**JoAnn and Lester SCHERSCHLIGHT, Plaintiffs,**

v.

**EMPIRE FIRE & MARINE INSURANCE CO., Defendant.**

**Civ. 79–4124.**

United States District Court,
D. South Dakota,
S. D.

Aug. 5, 1980.

 

Steven M. Johnson, of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, S. D., for plaintiffs.

Steven W. Sanford, of Braithwaite & Cadwell, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Senior District Judge.

This is a diversity action brought by JoAnn and Lester Scherschlight, citizens of South Dakota, alleging breach of an insurer's duty to defend, against Empire Fire and Marine Insurance Company, a Nebraska corporation. The Scherschlights were assigned this claim by Earl G. Hanson, the insured under Empire's policy. Both the plaintiffs and the defendant are seeking summary judgment relief.

The underlying facts of this case began when Hanson sold his 1950 Chevrolet pickup which he had been using only on his farm in Nebraska. Because the pickup was unfit to be driven on public roads, Hanson was to tow the pickup to its new purchaser in Centerville, South Dakota. On November 15, 1978, while towing the pickup on Highway 81 in South Dakota, the towing apparatus which Hanson had hitched while on his farm came loose. The pickup rolled backward, colliding head-on with plaintiff JoAnn Scherschlight's car, severely injuring her.

Hanson had two insurance policies in effect on or before November 15, 1978. One policy was an automobile liability policy with AID Insurance Services with coverage limits of $15,000 per vehicle, and the other, a farm liability policy with Empire Fire and Marine Insurance Company. AID investigated the case and acknowledged coverage. Hanson telephoned Empire's local agents and was told that since the accident happened while the insured was driving away from his farm premises, there was no coverage. An AID agent was also told by Empire that there was no coverage.

On January 18, 1979, the Scherschlights filed a suit against Hanson for $229,000. AID having acknowledged full responsibility hired Michael Pieplow to defend Hanson. Hanson also hired an attorney James Goetz to defend the excess claim over AID's policy limit of $15,000. Hanson informed his attorneys that Empire had denied coverage.

In July of 1979 there were talks of settlement between the parties. Goetz contacted Empire's claim manager about possible coverage and requested a letter denying coverage. Empire was sent a copy of the pleadings including the amended complaint alleging negligence by Hanson not only in operating his motor vehicle but also in negligently constructing a trailer hitch while on his farm. A denial letter from Empire dated July 31, 1979, was sent to Goetz in which the exclusion for "ownership, maintenance or use of automobiles while away from the premises" was stated as the reason for denial of this "tort action arising out of the use of an automobile."

On August 16, 1979, a Stipulation of Judgment against Hanson was entered in the amount of $222,500 for JoAnn Scherschlight and $1,500 for Lester Scherschlight. AID tendered its policy limit of $15,000 and was fully released by the Scherschlights. Hanson assigned all his remaining claims to the Scherschlghts in this stipulation.

The present suit was filed by the Scherschlights August 22, 1979, against Empire for the entire amount of the judgment obtained against Hanson plus interest, attorneys fees, and costs. The plaintiffs have moved for summary judgment pursuant to Rule 56 and the defendant has cross-motioned for summary judgment. Oral hearing on these motions has been heard and the court has examined the depositions, affidavits, exhibits, and well-researched briefs of both counsel. The motions have raised the following issues:

(1) Whether the Scherschlights' pleadings alleged facts within the coverage of Hanson's insurance policy with Empire?

(2) Whether Empire is liable for breach of duty to defend when another insurer with the same obligation does defend? *See Farmers Elevator Mutual Insurance Co. v. American Mutual Liability Insurance Co.*, 185 Neb. 4, 173 N.W.2d 378 (1969), ovrld. on other grounds *Royal Indemnity Co. v. Aetna Casualty & Surety Co.*, 193 Neb. 752, 229 N.W.2d 183 (1975).

(3) Whether Empire was given proper notice of the accident and suit?

(4) Whether the Judgment against Hanson was obtained by fraud and collusion between he and the Scherschlights?

(5) Whether other policy defenses are available to Empire?

The court has also been informed that while these motions have been pending JoAnn Scherschlight has died, although the cause of her death is in controversy.

■ As the insurance policy between Hanson and Empire was entered into in Nebraska, this court is bound by Nebraska substantive law in determining Empire's obligations under the policy. *United States Fidelity and Guaranty Co. v. Louis A. Roser Co.*, 585 F.2d 932 (8th Cir. 1978).

Hanson's policy with Empire provided that:

> With respect to such insurance as is afforded by this policy for Coverages A and C, the company shall:
>
> (1) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even is such suit is groundless, false, or fraudulent  .   .

■ In accordance with the general rule, Nebraska determines an insurer's duty to defend by the allegation of the pleadings in the action brought against the insured. If facts are alleged in the pleadings which, if established, would support a recovery under the policy, then the insurer has a duty to defend. *National Union Fire Insurance Co. v. Bruecks*, 179 Neb. 642, 139 N.W.2d 821 (1966); *United States Fidelity and Guaranty Co. v. Roser Co.*, 585 F.2d 932, 936 (8th Cir. 1978).

■ When refusing to defend, the insurer carries the burden of demonstrating that all parts of the pleadings fall clearly outside the scope of coverage. Any ambiguity in the insurance contract is of course construed in favor of coverage. Furthermore, if any part of the pleadings arguably or potentially falls within the policy's cover-

age, the insurer should either seek a declaration of its rights in an independent action or, defend, reserving its right to contest coverage based on facts developed at a trial on the merits. *Babcock & Wilcox v. Parsons Corp.*, 430 F.2d 531 (8th Cir. 1970); *Solo Cup Co. v. Federal Insurance Co.*, 619 F.2d 1178, 1183 (8th Cir. 1980).

However, when there is no ambiguity in an insurance contract, the court has no alternative but to enforce the policy's terms. A strained or unreasonable construction of the policy language should not be indulged in.

Accepting the facts of the plaintiffs' complaint as true, there is no question that there is coverage under the insuring provisions of Hanson's policy:

1. Coverage A—Bodily Injury and Property Damage Liability

To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damage, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, and for damages, because of injury to or destruction of physical property, including the loss of use thereof, arising out of the hazards hereinafter defined . . . .

Definition of Hazards (Operations, Premises and Personal Activities)

1. The ownership, maintenance or use of
   (a) the premises designated in Item 1 of the declarations;
2. All operations of insured which are necessary or incidental to farming including the sale of farm products from the premises;
II. Any other hazard arising out of the premises, the farming operations or the non-business activities of an insured not specifically excluded in this policy.

The basic issue as to coverage under Hanson's policy concerns the following exclusion clause:

This policy does not apply:

(d) to (1) the ownership, maintenance or use of automobiles while away from the premises or the ways immediately adjoining.

The plaintiffs contend that because the negligent act of constructing the trailer hitch which caused the accident occurred on the premises of Hanson's farm there is coverage. The defendant contends that the recovery sought against Hanson by the Scherschlights arose directly out of the use of an automobile while away from the premises, and is clearly excluded by the policy.

The court finds that the language of this Empire Farm Liability policy is clear and unambiguous. The policy does not apply when automobiles are being used away from the insured premises. Hanson was unquestionably in use of an automobile and away from his farm premises when the accident with Mrs. Scherschlight occurred. The words of the exclusion clause could not be clearer that liability resulting from such action is excluded.

Similarly in the case of *Jeffries v. General Casualty Co. of America*, 46 Wash.2d 543, 283 P.2d 128 (1955), a trailer was negligently hitched by the insured to a car while on the insured's premises. Later when away from the premises the trailer became unhitched and fell upon a lessee's foot. The insured's general garage liability insurance policy with an exclusionary clause similar to the one in this case was found to exclude coverage. The court stated:

The exclusionary clause states that the policy does not apply to any automobile rented to others by the insured while away from the premises. The language is broad enough to exclude any accident involving a trailer rented to others while away from the station. The question of proximate cause of the accident is not involved. We are not concerned with the cause of the accident, but with where it took place. The accident took place away from the premises and it involved a trailer which was rented to another by the insured.

This same rationale was followed to deny coverage in *St. Paul Fire and Marine Ins. Co. v. Circle Bar J. Boys' Ranch, Inc.*, 1 Wash.App. 377, 461 P.2d 567 (1969), where the negligent act of assembling and mounting a canopy upon a pickup while on the insured's premises later resulted in an accident and injuries while off the premises. *Accord, Hultquist v. Novak*, 202 Minn. 352, 278 N.W. 524 (1938).

Also following this rationale is the case of *Service Welding and Machine Co. v. Michigan Mutual Liability Co.*, 311 F.2d 612 (6th Cir. 1962). In this case, tanks negligently secured on a truck while on the insured's premises, slid and fell on an employee while he was unloading the truck away from the premises. Under a policy similar to the one in the present case the court denied coverage, reasoning as follows:

> We are of the opinion that a fair construction of the policy requires that all events or occurrences set out in the insuring agreement must happen on the premises of the insured in order to meet the conditions whereby insurer is required to indemnify the insured for the sum paid for damages.

> Only the liability imposed by law, the loading of the truck, transpired on the premises, the accident and the bodily injury occurring a long distance therefrom. Under these conditions and considering the insuring clause and Exclusion (a) we conclude that Michigan Mutual is not required to pay any part of the sum used in settling Mr. Acuff's claim.

There is no clear Nebraska case controlling the interpretation of the insuring and exclusionary clauses. This court, however, does note the recent Nebraska interpretation of a comprehensive general liability insurance policy in *Fred Steinheider and Sons v. Iowa Kemper Insurance Co.*, 204 Neb. 156, 281 N.W.2d 539 (1979). The exclusions in this case applied to injury or damage occurring away from the insured's premises and after physical possession of the insured's products had been relinquished to others. The Nebraska court found no coverage even though it found the

alleged negligence may have occurred on the premises and the insured may have liability to the customer. It stated:

> We think it is clear that when liability results from the functioning or malfunctioning of a product sold by respondent, and the event establishing liability (i. e., the accident) occurs after relinquishment of possession of the product by respondent, and occurs away from the respondent's premises, coverage is excluded.

*Accord, National Farmers Union Property and Casualty Co. v. Iverson*, 346 F.Supp. 660 (D.S.D.1972); *Hagen Supply Corp. v. Iowa National Mutual Insurance Co.*, 331 F.2d 199 (8th Cir. 1964).

The plaintiffs have cited authority which they construe to create ambiguity in the interpretation of Empire's policy. This court, however, is not persuaded that these cases do create ambiguity in Empire's exclusionary clause for the ownership, maintenance or use of automobiles while away from the premises. In *Gonzalez v. St. Paul Mercury Insurance Co.*, 60 Cal.App.3d 675, 131 Cal.Rptr. 626 (1976), the negligent repair of brakes of the automobile on the insured's premises was found to provide coverage despite an exclusionary clause for use away from the premises. There the court interpreted the exclusion "while away from the premises" to modify both maintenance and use. Since liability arose from the faulty maintenance of the automobile brakes while on the insured's premises, coverage was not excluded. This court cannot determine Hanson's attachment of a hitch to be "maintenance" within the terms of Empire's policy.

Nor is our factual situation in the present case similar to those in which an automobile is found to be a mere instrument or situs of the primary negligence. *Farm Bureau Mutual Insurance Co. v. Crum and Forster Insurance*, 618 F.2d 39 (8th Cir. 1980); *Engeldinger v. State Automobile and Casualty Underwriters*, 306 Minn. 202, 236 N.W.2d 596 (1975). Hanson's liability does clearly arise out of the "use" of the automobile.

The plaintiffs also rely on the case of *Employers Liability Assur. Corp. v. Yough-*

*iogheny and Ohio Coal Co.*, 214 F.2d 418 (8th Cir. 1954), *affirming* 114 F.Supp. 472 (D.Minn.1953). In this case a freight car was improperly loaded while on the premises of the insured which resulted in an accident when the car was being unloaded while away from the premises. The court distinguished the terms "accident" and "hazard". It defined hazard as a "danger or risk lurking in a situation which by chance or fortuity develops into an active agency of harm" and accident as "an unexpected untoward event which happens without intention or design." The court found that the insuring provisions and the exclusions applied only to the nature and place of hazards rather than the place of accidents. And since the hazard or risk arose on the premises, the exclusion for hazards occurring away from the premises was inapplicable.

In the present case, Empire's insuring provisions do not speak solely in terms of insuring hazards but also in terms of occurrences which are defined as accidents. Furthermore, the exclusionary clause in the Empire policy does not specifically exclude only hazards as it does in the *Youghiogheny* policy. *See also Ketona Chemical Corp. v. Globe Indemnity Co.*, 404 F.2d 181 (5th Cir. 1968), and *Service Welding and Machine Co. v. Michigan Mutual Liability Co.*, 311 F.2d 612 (6th Cir. 1962), in which similar policies are determined to insure against money loss for all sums the insured shall become obligated to pay rather than hazards, accidents, or occurrences.

Even assuming that Empire's exclusion relates only to hazards, the rationale of *Youghiogheny* does not create ambiguity in Empire's insurance policy. No hazard insured against arose on Hanson's farm premises. No danger or risk of liability arose from Hanson's negligent hitching of his pickup until the pickup was towed onto the public highways and off Hanson's farm premises.

The words and phrases of an insurance policy must not be strained to impose liability that was not intended or purchased. Hanson's farm liability policy exclusion for the ownership, maintenance, or. use of an automobile away from the premises is free from ambiguity and clearly excludes coverage of a situation such as that stated in the pleadings against Hanson. As the Empire policy provided no coverage, no duty to defend arose. Accordingly the other issues raised in the cross-motions for summary judgment are unnecessary to this decision.

The plaintiffs' motion for summary judgment is denied. The defendant's motion for summary judgment is granted. Counsel for the defendant is directed to draft an order in accordance with this memorandum decision.