JoAnn SCHERSCHLIGT and Lester Scherschligt, Appellants,

v.

EMPIRE FIRE & MARINE INSURANCE COMPANY, Appellee.

No. 80–1811.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1981.

Decided Oct. 1, 1981.

Rehearing and Rehearing En Banc Denied Oct. 26, 1981.

---

Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, S. D., for appellants.

Steven W. Sanford, Cadwell, Brende & Sanford, Sioux Falls, S. D., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges; and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

JoAnn and Lester Scherschligt appeal from a summary judgment for Empire Fire & Marine Insurance Company (hereinafter "Empire") in this diversity action upon a policy of farm liability insurance. The district court [1] held that Empire did not breach a contractual duty to defend the former owner of the policy, one Earl Hansen (who assigned his claim against Empire to the Scherschligts), because the policy clearly and unambiguously excluded coverage for the accident that gave rise to Hansen's liability. We affirm.

I.

JoAnn Scherschligt of Yankton County, South Dakota, was seriously injured when an old pickup truck being towed by Hansen slipped its tow and crashed head-on into her car. Hansen, a Nebraska farmer, was towing the truck to its purchaser in Centerville, South Dakota when the accident occurred on Highway 81 in Yankton County. Hansen had two insurance policies arguably applicable: an auto liability policy issued by AID Insurance Company with coverage limits of $15,000 per vehicle, and a "Farmers Comprehensive Personal Insurance" policy with coverage of up to $200,000 issued by Empire. AID investigated the case and acknowledged coverage, but Empire's local agents denied coverage because the accident arose from Hansen's use of an automobile while he was driving away from his farm premises—a circumstance they believed fell squarely within one of the policy's exclusionary clauses.

The Scherschligts sued Hansen for $255,-000. AID and a lawyer privately retained by Hansen undertook the defense and sent Empire a copy of the pleadings including the amended complaint that alleged negligence by Hansen not only in operating his motor vehicle, but also in constructing a towing hitch on farm equipment (i. e., the old pickup) while on his farm. Empire responded with a letter again denying coverage because the action arose out of Hansen's use of his automobile while he was away from his farm premises. The parties ultimately settled the case and judgment was entered against Hansen for $225,000. AID paid off its policy limits and Hansen

---

* William C. Hanson, Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Fred J. Nichol, United States Senior District Judge, District of South Dakota.

assigned to the Scherschligts all of his right, title, and interest in and to his Empire insurance policy. This suit by the Scherschligts was then filed against Empire for the full amount of the judgment entered against Hansen. The complaint alleges that Empire breached its duty to defend Hansen in the prior suit and that because of this breach Empire is now estopped from raising any policy defenses to the instant action. The parties filed cross motions for summary judgment and the district court found that no duty to defend arose because the policy issued Hansen by Empire "clearly excludes coverage of the situation such as that stated in the pleadings" against Hansen. Applying Nebraska law, we now address the correctness of this ruling.

## II.

■ The Court first observes that Empire was contractually obligated to defend Hansen against any suit alleging facts and circumstances covered by the policy "even if such suit is groundless, false, or fraudulent." Whether the duty to defend arises in a given context is determined by application of the following principles:

An insurer's duty to defend an action against the insured is measured in the first instance by the allegations of the pleadings in the action against the insured, and if such pleadings state facts bringing the injury within the coverage of the policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff.

*Farmers Elevator Mutual Insurance Co. v. American Mutual Liability Insurance Co.*, 185 Neb. 4, 173 N.W.2d 378, 386 (1969) (citations omitted). The burden is on the insurer to show that the allegations in the pleadings fall clearly outside the scope of coverage; any ambiguity in the policy is construed in favor of coverage; and if any part of the pleadings "potentially or arguably" falls within the policy's coverage, then the insurer must either seek a declaratory judgment on its duty to defend or undertake the defense while reserving its right to later contest coverage based on

facts developed at the trial on the merits. *Babcock & Wilcox Co. v. Parsons Corp.*, 430 F.2d 531, 536–37, 539 (8th Cir. 1970) (applying Nebraska law).

■ In their amended complaint against Hansen, the Scherschligts alleged in count one that Hansen was negligent in the operation of his motor vehicle—i. e., the towing truck—while driving away from his farm premises. The second count incorporated most of the first count and further alleged:

That on or about November 15, 1978, on the Defendant's farm premises in Knox County, Nebraska, the Defendant Earl G. Hansen, while engaged in his farming operation, negligently constructed a trailer hitch on farm equipment in such a manner as to cause a collision between said farm equipment and the Plaintiff's vehicle, said collision occurring in Yankton County, South Dakota.

The district court found that under the facts alleged in this amended complaint coverage existed under the following *insuring* provisions of Hansen's policy:

1. Coverage A—Bodily Injury and Property Damage Liability

To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damage, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, and for damages, because of injury to or destruction of physical property, including the loss of use thereof, arising out of the hazards hereinafter defined.

\* \* \* \* \* \*

Definition of Hazards (Operations, Premises and Personal Activities)

1. The ownership, maintenance or use of (a) the premises designated in Item 1 of the declarations;

. . . . .

2. All operations of insured which are necessary or incidental to farming including the sale of farm products from the premises;

. . . .

11. Any other hazard arising out of the premises, the farming operations or the non-business activities of an insured not specifically excluded in this policy.

But the following policy exclusion led the district court to conclude that there was no coverage for the occurrence alleged:

This policy does not apply:

(d) to (1) the ownership, maintenance or use of automobiles while away from the premises or the ways immediately adjoining.

The Scherschligts contend that because the negligent act of constructing the towing hitch constituted a hazard arising on Hansen's farm premises, the allegations raised in count two of their amended complaint stated a claim "potentially or arguably" covered by his farm liability policy. But we agree with the district court that plaintiffs' attempt to relate the accident to an act of negligence alleged to have occurred on Hansen's farm does not bring it within the coverage of the policy. Although no Nebraska case controls the interpretation of the insuring and exclusionary clauses here at issue, the district court applied the rule of law dictated by common sense and the reasonable expectations of the parties to a general liability insurance policy.

The general liability policies in current use exclude bodily injury or property damage arising out of the ownership, maintenance or use of automobiles or aircraft owned or operated by, or rented or loaned to the insured. The obvious reason is that these risks are subject to separate insurance. The homeowners' policies have a similar exclusion with some exception to coverage on premises. Other policies exclude automobiles only if the loss occurred away from the premises, . . . .

Thus, emphasis is on the location of the loss and not on where the negligence that may have precipitated the loss occurred. 7A Appleman, *Insurance Law and Practice,* § 4500.02 at 191 (1979) (footnote omitted). *Accord Service Welding and Machine Co. v. Michigan Mutual Liability Co.,* 311 F.2d 612 (6th Cir. 1962); *St. Paul Fire & Marine Ins. Co. v. Circle Bar J Boys' Ranch, Inc.,* 1 Wash.App. 377, 461 P.2d 567 (1969); *Hultquist v. Novak,* 202 Minn. 352, 278 N.W. 524 (1938). There is no question that the accident in the instant case occurred away from Hansen's farm premises while he was using his automobile; accordingly, the accident was not covered by his farm liability policy under the clear and unambiguous terms of the automobile exclusion.[2]

We reject without discussion the Scherschligts' attempts to create ambiguity in this insurance policy where none exists. The plain language of the policy excludes coverage of a situation such as that stated in the pleadings against Hansen and the Court refuses to indulge in a strained or unreasonable construction of that language. Accordingly, the judgment of the district court is affirmed.

**2.** The Nebraska Supreme Court's construction of a general liability policy in *Fred Steinheider and Sons, Inc. v. Iowa Kemper Insurance Co.,* 204 Neb. 156, 281 N.W.2d 539 (1979), persuades us that it would hold no differently in this case. In *Steinheider,* the general liability policy contained exclusions for completed operations and products liability hazards, i. e., injury or damage occurring away from the insured's premises and after physical possession of the insured's products had been relinquished to others. The Nebraska court held that these exclusions were applicable despite finding that the alleged negligence may have occurred on the insured's premises and that the insured may be liable to the customer. Thus the location of the loss, not the negligence, was the determining factor as to coverage.