**DeWITT, Appellant,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.**

[Cite as *DeWitt v. Nationwide Mut. Fire Ins. Co.* (1996), 109 Ohio App.3d 716.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–106.

Decided March 11, 1996.

*Benito C.R. Antognoli,* for appellant.

*I. James Hackenberg,* for appellee.

---

Joseph E. Mahoney, Judge.

This is an accelerated calendar case submitted to this court on appellant's brief.

The facts of this case are not in dispute. On August 25, 1990, appellant, Donald DeWitt, was injured while riding an all terrain vehicle ("ATV") that was owned by Richard Arnold. Arnold is the son of Richard D. Arnold, the named insured under a homeowner's insurance policy issued by appellee, Nationwide Mutual Fire Insurance Company ("Nationwide"). At the time of the accident, Richard Arnold lived with his father and, thus, was an insured under the terms of the policy.

Appellant was injured on a dirt trail during a camping trip in West Virginia when a wheel fell off the ATV, causing it to strike a boulder. It is undisputed that Richard Arnold had previously installed after-market wheels on this ATV in

the garage at his father's residence. Appellant claims that the accident was caused by improper lug nuts used by Arnold in installing the after-market wheels that broke, causing the wheel to fall off the ATV.

On June 30, 1994, appellant filed a complaint for declaratory judgment in the Lake County Common Pleas Court. Appellant sought a determination of the applicability of a homeowner's insurance policy issued by appellee to Richard D. Arnold. On March 21, 1995, appellee filed a motion for summary judgment, which appellant responded to on April 26, 1995. On May 11, 1995, the trial court granted appellee's motion for summary judgment, finding that there was no genuine issue of material fact and that appellee was entitled to judgment as a matter of law.

Appellant timely filed a notice of appeal with a single assignment of error. Appellant claims that the trial court erred in granting summary judgment in favor of appellee.

Pursuant to Civ.R. 56(C), summary judgment may be granted when "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. This forces "the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. The nonmoving party may not rest upon the allegations or denials of his pleadings, rather he must set forth facts, by affidavit or otherwise, showing that there is a genuine issue for trial. Civ.R. 56(E); *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.

In the case *sub judice,* the insurance policy in question provided, in relevant part:

"SECTION II—LIABILITY COVERAGES

"COVERAGE E—PERSONAL LIABILITY

"We will pay damages the **insured** is legally obligated to pay due to an occurrence.

"We will provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to defend a claim or suit ends when the amount we pay for damages equals our limit of liability.

"COVERAGE F—MEDICAL PAYMENTS TO OTHERS

"We will pay the necessary medical and funeral expenses incurred within three years after an accident causing **bodily injury.** This coverage does not apply to you. It does not apply to regular residents of your household. It does apply to **residence employees.** This coverage applies to others as follows:

"a.   to a person on the **insured location** with the consent of an **insured.**

"b.   to a person off the **insured location,** if the bodily injury:

" * * *

"(2) is caused by activities of an insured.

"SECTION II—EXCLUSIONS

"1.   **Coverage E—Personal Liability, and Coverage F—Medical Payments to Others** do not apply to **bodily injury** or **property damage:**

" * * *

"e.   arising out of the ownership, maintenance, or use of:

" * * *

"(2) a **motor vehicle** owned or operated by, or rented or loaned to an **insured.**"

"Motor vehicle" is defined in the policy as follows:

"a.   a motorized land vehicle including motorized bicycles or mopeds designed for travel on public roads or subject to motor vehicle registration. A vehicle in dead storage on an **insured location** is not a **motor vehicle.**

" * * *

"c.   a motorized golf cart, snowmobile or other motorized vehicle owned by an insured and designed for recreational use off public roads, while off an insured location. A motorized golf cart while being operated to or from, or on the premises of a golf course is not a motor vehicle."

Thus, the key issue in this case is whether or not an ATV falls within the definition of "motor vehicle," because if an ATV is a motor vehicle, the injuries suffered by appellant would fall under the exclusion set forth in Paragraph (1)(e), Section II of appellee's policy.

█   This appears to be a case of first impression in Ohio. While it is well settled that insurance policies should be liberally construed in favor of the insured, *Yeager v. Pacific Mut. Life Ins. Co.* (1956), 166 Ohio St. 71, 1 O.O.2d 204, 139 N.E.2d 48, paragraph one of the syllabus, under contract principles, " 'words

in a policy must be given their plain and ordinary meaning, and only where a contract of insurance is ambiguous and therefore susceptible [of] more than one meaning must the policy language be liberally construed in favor of the claimant who seeks coverage.'" *Blue Cross & Blue Shield Mut. of Ohio v. Hrenko* (1995), 72 Ohio St.3d 120, 122, 647 N.E.2d 1358, 1360, quoting *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88.

■ In the present case, the trial court held that the language in the exclusions clause is clear and unambiguous and that an ATV falls within the policy definition of a "motor vehicle." We agree. As previously noted, a "motor vehicle" is defined in the policy to include "a motorized golf cart, snowmobile *or other motorized vehicle* owned by an insured and *designed for recreational use off public roads,* while off an insured location." (Emphasis added.) Clearly, an ATV is a motorized vehicle designed for recreational use off public roads, and it was being used off an insured location.

■ Appellant argues that because the basis of the claim for the injuries that occurred was improper repairs performed on the ATV by Richard Arnold while on the insured's premises, the exclusion in question is not applicable merely because the accident occurred off the insured's premises. This argument is without merit. Courts have held that the location of the accident rather than the location of the negligence that caused the accident is dispositive on the applicability of the exclusion clause.

In *Scherschlight v. Empire Fire & Marine Ins. Co.* (S.D.S.D.1980), 494 F.Supp. 936, the court rejected a similar argument as that made by appellant in the case *sub judice.* There, even though negligence in constructing a trailer hitch occurred on the insured's premises, because the accident caused by the negligence occurred off the premises, the liability policy, which excluded ownership, maintenance, or use of automobiles while away from the premises, did not cover the accident and the insurer was not obligated to defend the insured.

Similarly, in *Jeffries v. Gen. Cas. Co. of Am.* (1955), 46 Wash.2d 543, 283 P.2d 128, a trailer was negligently hitched to an automobile by the insured while on the insured's premises. While off the insured's premises, the trailer became unhitched and fell on the lessee's foot, causing injury. The liability insurance policy, which contained an exclusionary clause for automobiles used away from the insured's premises, was found to exclude coverage. The court stated:

"The exclusionary clause states that the policy does not apply to any automobile rented to others by the insured while away from the premises. The language is broad enough to exclude any accident involving a trailer rented to others while away from the station. The question of proximate cause of the accident is not involved. We are not concerned with the *cause* of the accident, but with *where* it took place. The accident took place away from the premises and it involved a

trailer which was rented to another by the insured." (Emphasis *sic.*)  *Id.* at 547, 283 P.2d at 130–131.

Also, in *St. Paul Fire & Marine Ins. Co. v. Circle Bar J Boys' Ranch, Inc.* (1969), 1 Wash.App. 377, 461 P.2d 567, a Washington Court of Appeals employed the same logic in excluding coverage where the negligent act was improperly assembling and mounting a canopy on the back of a pickup truck while on the insured's premises, which later resulted in an accident and injuries while the truck was being driven away from the insured's premises. The court held that "[i]t is the place where the accident occurs, and not the place where the negligent commission or omission occurs, which controls the insurer's liability under such exclusionary language * * *." *Id.* at 379–380, 461 P.2d at 569. See, also, *Serv. Welding & Machine Co. v. Michigan Mut. Liab. Co.* (C.A.6, 1962), 311 F.2d 612.

Based upon the same analysis, we hold that regardless of where the alleged negligent act occurred, since the accident occurred off the insured's premises, the exclusionary clause in question is applicable. Hence, the trial court did not err in granting summary judgment in favor of appellee.

Appellant's sole assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.