FARM FAMILY MUTUAL INSURANCE COMPANY *vs.* DONALD
WHELPLEY.

No. 00-P-91.

Berkshire. February 6, 2002. - May 15, 2002.

Present: PORADA, LENK, & GREEN, JJ.

*Insurance,* Motor vehicle exclusion.

An all-terrain vehicle was a "recreational motor vehicle" within the definition
of a special farm package insurance policy's exclusionary clause, and
therefore, the plaintiff insurer's policy with the defendant did not require
the plaintiff to defend any claim against the defendant or to indemnify the
defendant for any liability resulting from the recreational use of the
defendant's all-terrain vehicle by the defendant's guest on a public way.
[745-747]

CIVIL ACTION commenced in the Superior Court Department on
September 7, 1995.

The case was heard by *Robert A. Barton,* J., on motions for
summary judgment.

*Jack E. Houghton, Jr.,* for the defendant.

*Charles K. Bergin, Jr.,* for the plaintiff.

PORADA, J. The principal issue raised by this action is whether
the all-terrain vehicle (ATV) owned by the defendant fell within
the recreational motor vehicle exclusion of his special farm
package insurance policy purchased from the plaintiff. A
Superior Court judge determined that it did and, thus, relieved
the plaintiff from any duty to defend and to indemnify the
defendant from any liability arising out of an action brought by
third parties against the defendant for injuries resulting from the
use of the ATV. We affirm.

We summarize the undisputed material facts. On or about
August 19, 1993, Christopher Esada, age twelve, was injured
when the ATV that he was operating (and that the defendant

owned) ran off a public way, East Washington Road, in Hinsdale, and hit a tree. At the time of the accident, Esada was a guest of the defendant and had permission to operate the ATV. Esada was seriously injured in the accident. His mother, individually and as next friend of Esada, commenced a civil action in the Superior Court against the defendant and others. Esada and his mother alleged in their complaint that the defendant was negligent in (a) permitting Esada to operate the ATV; (b) failing to provide a safety helmet to Esada; (c) failing to warn Esada of the dangers involved in operating an ATV; (d) failing properly to instruct or supervise Esada in the operation of the ATV; or (e) failing to take adequate and reasonable measures to prevent Esada from gaining access to and operating the vehicle. Esada's mother alleged that as a result of the defendant's negligent conduct, she suffered emotional distress.

The defendant notified the plaintiff of the claims made against him by Esada and demanded that the plaintiff assume the defense of the action under the special farm package policy issued to him. The plaintiff responded that it would defend with a reservation of rights based on the following exclusionary clause contained in the policy: "[Liability coverages] do not apply to BODILY INJURY/PROPERTY DAMAGE or MEDICAL EXPENSES . . . arising from the ownership, maintenance, operation, use, loaning, renting, entrustment, supervision, occupancy, loading or unloading of the following: . . . owned RECREATIONAL MOTOR VEHICLES if the BODILY INJURY or PROPERTY DAMAGE occurs away from the insured PREMISES." Upon further investigation of the claim, the plaintiff advised the defendant that the plaintiff was disclaiming coverage under its policy and would not provide a defense. Thereafter, the plaintiff commenced this action in the Superior Court to construe the applicable terms of the policy and to determine whether the plaintiff was required to defend or to indemnify the defendant under the special farm package insurance policy issued to him. A judge of the Superior Court allowed the plaintiff's motion for summary judgment based on the ground that the exclusionary clause of the policy applied to bar coverage for any of the claims set forth in the Esada complaint and denied the defendant's motion for summary judgment.

On appeal, the defendant argues that the exclusionary provision does not apply because his ATV does not fit the definition of a "recreational motor vehicle" under the policy or, alternatively, that the definition of a "recreational motor vehicle" is ambiguous and must be construed against the plaintiff. The defendant also contends that the accident did not occur away from his premises and that Esada's complaint contains a claim for negligent supervision, failure to provide a helmet, and failure to warn Esada of the dangers involved in operation of an ATV, which claims are not barred by the policy terms. We address each of these issues.

The defendant argues that the ATV in question is not a recreational motor vehicle because it was purchased by him for farm use and, in any event, the policy definition of a recreational motor vehicle is ambiguous and must be construed against the plaintiff that drafted the policy. A "recreational motor vehicle" is defined in the policy as "any motorized vehicle designed for recreation, principally used off public roads, and whether licensed for road use or not." We agree with the motion judge that this definition is clear and free from any ambiguity. Where the terms of an exclusionary clause are plain and free from ambiguity, the words of the policy must be construed in their "usual and ordinary sense" and not strictly against the insurer. *Barnstable County Mut. Fire Ins. Co.* v. *Lally*, 374 Mass. 602, 605 (1978). In common usage, an ATV is defined as "[a] small, open motor vehicle having one seat and three or more wheels fitted with large tires. It is designed chiefly for recreational use over roadless, rugged terrain." American Heritage Dictionary of the English Language 50 (3d ed. 1992). Aside from the fact that the ATV was being used for recreational purposes at the time of the accident and regardless of the use to which the defendant put his ATV, the ATV comports with the policy's definition of a "recreational motor vehicle" as a motorized vehicle designed for recreational use, principally off public roads. See *Illinois Farmers Ins. Co.* v. *Coppa*, 494 N.W.2d 503, 506 (Minn. 1993) (recreational vehicle exclusionary clause applied to an ATV driven on a hayfield adjoining the insured premises). See also *MacLean* v. *Hingham Mut. Fire Ins. Co.*, 51 Mass. App. Ct. 870, 872-874 (2001) (parties did not dispute that an ATV was a

motorized land conveyance designed for recreational use off public roads).

Next, the defendant argues that, even if we assume that the ATV was a recreational vehicle, the accident in question did not occur away from the defendant's premises. "Premises" are defined in the policy as "RESIDENCES, BUILDINGS and their private approaches, cemetery plots and burial vaults." The policy also provides that "PREMISES . . . includes all farm locations YOU own, rent or operate." The defendant argues that, because the ATV was garaged on the defendant's premises and was used to carry on the farm operations, the policy should be broadly construed to encompass this claim. Such a construction flies in the face of the plain language of the policy's definition of premises. Here it is uncontroverted that the accident occurred on the public way that is neither a farm location owned, rented, or operated by the defendant nor one of the buildings or structures set forth in the policy's definition of "premises."

Finally, the defendant argues that the complaint contains claims for failure to provide Esada with a helmet, failure to instruct him on the operation of the ATV, and failure to supervise his operation, which are separate and distinct from the use or operation of the ATV and, thus, are not encompassed by the exclusionary clause. Because the claims for failure to provide a helmet, to instruct Esada on the use of the ATV, and to supervise his operation are derivative of the defendant's ownership of an ATV operated away from the defendant's premises, they fall within the specific language of the exclusionary clause precluding coverage for bodily injury arising from "the ownership, maintenance, operation, use, loaning, renting, entrustment, supervision, occupancy, loading or unloading of" a recreational motor vehicle if the bodily injury occurs away from the insured premises. Cf. *Worcester Mut. Ins. Co.* v. *Marnell*, 398 Mass. 240, 244-245 (1986) (motor vehicle exclusion clause in a homeowners' insurance policy would have excluded coverage of a claim against the insureds alleging their negligent supervision of a party held at their home in which their son, who was under the minimum age for lawful consumption of alcohol beverages, became intoxicated, left the party, and caused the death of another person while negligently operating a motor vehicle

owned by him, if it were not for the fact that the vehicle was owned by the insureds' son and the policy contained a severability clause providing in relevant part that the policy "applied separately to each insured").

We also acknowledge the defendant's argument that there is a difference between the plaintiff's duty to defend and its duty to indemnify. We agree with the defendant that, when the allegations of the Esada complaint are matched against the policy provisions, it would appear that there is coverage under the policy because there is no mention in the complaint that the accident occurred away from the defendant's premises. However, the plaintiff in its investigation learned that the accident occurred off of the insured's premises. Because the duty to defend is based on the facts alleged in the complaint and those facts which are known by the insurer, the plaintiff rightfully disclaimed its duty to defend and brought a declaratory action to determine its duties. *Boston Symphony Orchestra, Inc.* v. *Commercial Union Ins. Co.*, 406 Mass. 7, 10-11 (1989). Thus, this case falls within one of the rare exceptions to the rule that an insurer has a duty to defend as long as the complaint states or adumbrates a claim within the coverage, *Sterilite Corp.* v. *Continental Cas. Co.*, 17 Mass. App. Ct. 316, 323-324 (1983), that exception being the existence of an undisputed extrinsic fact that takes the case outside the coverage and that will not be litigated at the trial of the underlying action.

The judge correctly granted the plaintiff's motion for summary judgment, but neglected to declare the rights of the parties. In an action brought pursuant to G. L. c. 231A, a declaration is required, even when the case is decided on motions for summary judgment. *Berkshire Mut. Ins. Co.* v. *Burbank*, 422 Mass. 659, 660 n.2 (1996). Therefore, the judgment is modified to include a declaration that the plaintiff's special farm package insurance policy with the defendant does not require it to defend or to indemnify the defendant for any liability resulting from the recreational use of the defendant's all-terrain vehicle by the defendant's guest on a public way on or about August 19, 1993. As so modified, the judgment is affirmed.

*So ordered.*