**ALLSTATE INSURANCE CO., Plaintiff,**

v.

**Donald DRUMHELLER, Ginger Katzenmoyer, Defendants.**

No. 02–CV–7411.

United States District Court, E.D. Pennsylvania.

Aug. 19, 2003.

---

John C. Butera, Butera & Jones, LLP, Wayne, PA, for Defendant.

Michael T. Mcdonnell, III, Ryan Brown Mcdonnell, Philadelphia, PA, for Plaintiff.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

### I. Background

This an action for a declaratory judgment. For the purposes of their respective summary judgment motions, the parties have stipulated to the following facts. On September 29th and into the early morning hours of September 30th 2001, defendant Ginger Katzenmoyer ("Katzenmoyer") attended a party at the residence of defendant Donald Drumheller ("Drumheller") at 451 Mayberry Road, Schwenksville, Perkiomen Township, Montgomery County, Pennsylvania. Katzenmoyer is and was at the time of the party Drumheller's employer. On May 21, 2001, Katzenmoyer had helped Drumheller purchase a Polaris All–Terrain Vehicle ("ATV"). Drumheller was eager to show Katzenmoyer the ATV and offered her a ride on

the ATV. Katzenmoyer agreed to ride with Drumheller on the ATV. At approximately 2.30 a.m. on September 30th, Drumheller, accompanied by Katzenmoyer, drove the ATV from his premises onto an off-road trail (the "trail") that he frequently traveled for recreational purposes on the ATV during daylight and evening hours regardless of the weather.

The trail begins approximately 800 yards from Drumheller's driveway, but it is not part of his property. The trail is accessible from Drumheller's property by driving down the driveway, across a bridge, and turning right. The property at 422 Mayberry Road, through which the trail runs, is owned by A. Gordon MacElhenney and Susan T. MacElhenney (the "MacElhenneys"). In October 1998, the Perkiomen Township Municipal Authority instituted a condemnation action to obtain an easement from the MacElhenneys to install a sanitary sewer line over the property. The final easement was for a 30 foot permanent sanitary sewer line crossing over Parcels No. 48–00–01591–008–00 and 48–00–01594–00–5 each of which were owned by the MacElhenneys. The construction project of the 30 foot easement and sewer line created an open trail through the woods on the MacElhenney's property.

Drumheller learned about the trail from his Uncle Ed and Aunt Diane Savitsky approximately one week after he purchased his ATV. When Drumheller was not working, he drove the ATV on the trail for recreational purposes as often as he could. Drumheller frequently traveled the trail to a construction site where he would drive his ATV over 50–60 foot high dirt mounds and ride up and down the middle of a creek.

While driving the ATV on the trail around 2.30 a.m. on September 30th, Drumheller and Katzenmoyer struck sewer manhole # 7, which protruded from the ground on the MacElhenneys property within the easement owned by the Perkiomen Township Municipal Authority. The force of the collision threw Drumheller and Katzenmoyer from the ATV, and Katzenmoyer suffered serious injuries.

On January 3, 2002, Katzenmoyer filed a complaint against Drumheller in the Montgomery County Court of Common Pleas for damages arising out of Drumheller's alleged negligence surrounding the accident. Allstate brought this declaratory judgment action to determine its duty to defend and its duty to indemnify Drumheller in Katzenmoyer's suit against him in state court under the Allstate insurance policy owned by Drumheller.[1]

In August 2001, Drumheller purchased Deluxe Homeowner's Policy No. 901131821 (the "policy") from Allstate for coverage of his premises at 451 Mayberry Road. The liability limits of the policy are $100,000. The term of the policy was from August 24, 2001 to August 24, 2002. The policy provides limited coverage for bodily injury arising out of the use of an ATV:

**Losses We Do Not Cover Under Coverage X:**

5. We do not cover bodily injury ... arising out of the ownership ... use of any motor vehicle ... However, this exclusion does not apply to:

 b. any motor vehicle designed principally for recreational use off public roads, *unless the vehicle is being used by an insured person*

---

1. Defense counsel has already been appointed and the defense is being conducted under a reservation of rights.

*and is being used away from an insured premises.*

Furthermore, under the policy:

7. "Residence Premises" means the dwelling, other structures and land located at the address stated in the Policy Declarations.

8. "Insured Premises" means

(a) the residence premises; and

(b) under Section II only . . . :

(6) any premises used by an insured person in connection with the residence premises . . .

Policy at 21 (emphasis added).

The parties have filed cross-motions for summary judgment. Allstate seeks a declaration that according to the terms of Drumheller's policy Allstate has neither a duty to defend nor a duty to indemnify Drumheller in Katzenmoyer's suit against him. Katzenmoyer and Drumheller jointly seek a declaration that Allstate has a duty to defend and indemnify Drumheller in Katzenmoyer's suit against Drumheller in state court because: (1) Drumheller's alleged negligence occurred when he offered a ride to Katzenmoyer at his residence and/or while operating his ATV on the trail that was "used in connection with [his] residence premises"; (2) the term "insured premises" as defined in the policy is ambiguous; and (3) Drumheller had a reasonable expectation that the accident described in Katzenmoyer's complaint was covered under his policy, and that Allstate would defend and indemnify him in the suit by Katzenmoyer.

## II. Jurisdiction

■ Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332. When a federal district court exercises diversity jurisdiction, it must apply the substantive law as decided by the highest court of the state whose law governs the action. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In the absence of a reported decision on point by a state supreme court or any intermediate appellate courts, a federal court sitting in diversity must predict how the state supreme court would resolve the issue if it were before that court. *See Nationwide Ins. Co. v. Resseguie,* 980 F.2d 226, 229 (3d Cir.1992).

## III. Standard of Review

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The trial court should determine whether there are issues with regard to material facts that warrant a trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it might affect the outcome of the case. *See id.* In making this determination, the court must consider the underlying facts in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences that might be drawn from those same facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Sempier v. Johnson and Higgins,* 45 F.3d 724, 727 (3d Cir.1995) (*en banc*). It is appropriate to grant summary judgment if the court finds that the record "could not lead a rational trier of fact to find for the nonmoving party, [and] there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (citation omitted). A motion for summary judgment will not succeed "if the dispute about a material fact is 'genuine.'" *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. "This standard, which mirrors the standard for directing a verdict, requires an inquiry into 'whether the evidence pres-

ents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir.1990) (quoting *Anderson*, 477 U.S. at 251–252, 106 S.Ct. 2505).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This prima facie burden can be discharged merely by demonstrating to the court an absence of evidence in support of the non-moving party's claims or defenses. *See id.* The non-moving party must then "go beyond the pleadings and by his or her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548.

## IV. Discussion

Under Pennsylvania law, the interpretation of an insurance contract is a question of law for the courts to decide. *See Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir.1997) (citing *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 (1983)). "Whether a particular loss is within the coverage of an insurance policy is a question of law and may be decided on a motion for summary judgment in a declaratory judgment action." *Bowers by Brown v. Estate of Feathers*, 448 Pa.Super. 263, 671 A.2d 695, 696 (1995) (quoting *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 441 Pa.Super. 446, 657 A.2d 1252, 1255 (1995)).

To determine whether an insurer has a duty to defend an insured, a court must determine the scope of coverage in the insurance policy itself and then ascertain whether the complaint against the insured states a claim that is potentially covered under the policy. *See Continental Cas. Co. v. County of Chester*, 244 F.Supp.2d 403, 407 (E.D.Pa.2003) (citing *Britamco Underwriters, Inc., v. Weiner*, 431 Pa.Super. 276, 636 A.2d 649, 651 (1994)). An insurance company is obligated to defend an insured whenever the complaint filed by the injured party may potentially come within the policy's coverage. *Pacific Indemnity Co. v. Linn*, 766 F.2d 754, 760 (3d Cir.1985) (citing *Gedeon v. State Farm Mutual Automobile Ins. Co.*, 410 Pa. 55, 58, 188 A.2d 320, 321–22 (1963)). The duty to defend remains with the insurer until the insurer can confine the claim to a recovery that is not within the scope of the policy. *See id.* (citing *Cadwallader v. New Amsterdam Cas. Co.*, 396 Pa. 582, 152 A.2d 484 (1959)).

An insurer's duty to defend an action against the insured is not necessarily coextensive with its obligation to indemnify the insured. *West American Ins. Co. v. Lindepuu*, 128 F.Supp.2d 220, 224–25 (E.D.Pa.2000) (citing *C.H. Heist Caribe Corp. v. American Home Assurance Co.*, 640 F.2d 479, 481 (3d Cir.1981)). Whereas the duty to defend arises whenever the complaint filed by the injured party may fall within the scope of the policy's coverage, the duty to indemnify is more limited because it arises only if it is established that the insured's damages actually are covered by the terms of the policy. *Id.* If there is no possibility that any of the underlying claims could be covered by the policy, then judgment in the insurer's favor with regard to the duty to defend and indemnify is appropriate. *Id.*

The principles of insurance policy interpretation are well-settled under

Pennsylvania law, and are governed by the rules of contract interpretation: (1) the terms of the insurance policy must be given their ordinary meaning; (2) a term is ambiguous only if reasonably intelligent people considering the term in the context of the entire policy would honestly differ as to its meaning; and (3) the parties's intent must be determined not only from the language but from all of the circumstances. *State Farm Fire & Cas. Co. v. Bellina*, No. 02–5816, 2003 WL 21246484, at *3 (E.D.Pa. April 30, 2003) (citing *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103–04 (3d Cir.1999)). "When a term in an insurance policy is ambiguous ... and the intention of the parties cannot be discerned from the face of the policy, the court, in its attempts to arrive at a reasonable construction of the policy that is in accord with the parties' apparent intention, may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances surrounding the making of the contract." *Pacific Indemnity Co.*, 766 F.2d at 761. Ambiguous insurance contracts must be construed strictly against the insurer; ambiguities are to be resolved in favor of the insured. *Id.* Exclusions

from coverage of an insurance policy will be effective against an insured if they are "clearly worded" and "conspicuously displayed" without regard to whether the insured read the limitations or understood their significance. *Id.* (citing *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 307, 469 A.2d 563, 567 (1983)).

## IV. Discussion

 The issue in this case is whether Drumheller's policy covers the bodily injury suffered by Katzenmoyer arising out of Drumheller's operation of the ATV. Katzenmoyer's bodily injury is *not* covered under Drumheller's policy if Drumheller was operating the ATV "away from the insured premises." More precisely, this means that if Drumheller was not operating the ATV on his "residence premises" or on premises "used in connection with [his] residence premises," then Katzenmoyer's bodily injury is not covered by the policy, and Allstate is under neither a duty to defend nor a duty to indemnify Drumheller in the state court action brought by Katzenmoyer against Drumheller. When Drumheller struck the sewer manhole on the trail, he was clearly not operating the ATV on the residence premises.[2] Thus,

**2.** Katzenmoyer contends that Drumheller's negligent operation of the ATV began "when he encouraged and offered a ride to Katzenmoyer as a passenger on the ATV, despite the fact that Drumheller was aware, or should have been aware, of the manufacturer's instructions specifically warning against carrying passengers because of the risk of injury." In other words, Katzenmoyer contends that because Drumheller's negligent operation of the ATV began when Drumheller was on the residence premises, the bodily injury suffered by Katzenmoyer is within the scope of the policy's coverage. Thus, Katzenmoyer attempts to avoid the policy's exclusion of coverage for bodily injury arising out of accidents occurring "away from the insured premises." This strategy for avoiding the impact of the policy's exclusion of coverage for accidents occurring away from the residence premises

has been rejected by other courts. *See Federal Kemper Ins. Co. v. Derr*, 386 Pa.Super. 382, 391–92, 563 A.2d 118, 123 (Pa.Super.1989); *Uguccioni v. United States Fidelity and Guaranty Co.*, 408 Pa.Super. 511, 514, 597 A.2d 149, 150 (Pa.Super.1991) (holding that "the all-terrain vehicle being operated by Michael Pirrung was on an 'insured location' at the time of his fatal accident"); *see also Farm Family Mutual Ins. Co. v. Whelpley*, 54 Mass. App.Ct. 743, 746, 767 N.E.2d 1101, 1104 (2002); *DeWitt v. Nationwide Mutual Fire Ins. Co.*, 109 Ohio App.3d 716, 720, 672 N.E.2d 1104, 1107 (1996) ("stating that [c]ourts have held that the location of the accident rather than the location of the negligence that caused the accident is dispositive on the applicability of the exclusion clause"); *Allstate Ins. Co. v. Shofner*, 573 So.2d 47, 50 (Fla.Dist.

the only issue is whether the trail on which Drumheller was operating the ATV was used "in connection with the residence premises."

Drumheller did not use the trail in connection with his premises. Even though the trail begins less than 800 yards from his driveway and he used the trail almost everyday for recreational purposes, Drumheller did not use the trail "in connection with" his premises. *See Illinois Farmers Ins. Co. v. Coppa,* 494 N.W.2d 503, 506 (Minn.Ct.App.1993) (holding that a neighbor's adjoining hayfield was not used in connection with the residence premises, and therefore coverage for bodily injury arising out of an accident involving an ATV was excluded under insurance policy); *see also Hudnell v. Allstate Ins. Co.,* 190 Ariz. 52, 945 P.2d 363, 366 (1997) (holding that an unpaved public street a short distance from the policy-holder's home was not part of the "insured premises" because it was not "used in connection with the residence premises"); *State Farm Fire & Cas. Co. v. Comer,* No. 3:95–CV–041–B–A, 1996 WL 33370669 (N.D.Miss. Jan. 10, 1996) (holding that a pasture leased by the policy-holder was not used in connection with the residence premises of the policy-holder). Drumheller does not own the property through which the trail runs, nor does he hold an easement for use of the trail; "the [trail] is not part of the residence premises and is not 'used in connection with' such premises as are approaches, or easements of ingress to or egress from the property." *Coppa,* 494 N.W.2d at 506. Drumheller did not even have permission from the MacElhenney's to operate the ATV on their property. Indeed, Drumheller was a trespasser on the property.

The defendants contend that because Drumheller "regularly used the premises upon which the accident occurred numerous times, even at night to get to where he wanted to go," the trail was used by Drumheller in connection with the residence premises. Accepting this line of argument would mean that any property that could be accessed by Drumheller on his ATV could be "used in connection with the residence property." This would be an unreasonable interpretation of the language of the policy. *See id.*

The defendants place heavy emphasis on *Uguccioni* to support their contention that Drumheller used the trail in connection with his residence premises. But, *Uguccioni* is distinguishable from the instant case. *See Uguccioni,* 408 Pa.Super. 511, 597 A.2d 149. In *Uguccioni,* the Pennsylvania Superior Court held that a private roadway used to access the insured residence within a residential development was used by the insureds in connection with their residence, and thus a fatal injury arising out of the operation of an ATV was covered under the policy. *See id.* at 513–14, 597 A.2d 149. Here, Drumheller possesses no property rights in the trail, and use of the trail is not necessary to access his residence premises. Aside from Drumheller's use of the trail for recreational purposes, the defendants have failed to present any evidence that demonstrates a connection between Drumheller's premises and the trail.

■■■ The defendants contend that the phrase "insured premises" is ambiguous, and that this ambiguity must be resolved in favor of the insured Drumheller. The phrase is not ambiguous; "the language of a policy may not be tortured . . . to create

Ct.App.1990). The location of the accident rather than the location of the negligence that caused the accident is dispositive on the applicability of the exclusion clause. Thus, Kat-

zenmoyer's contention that the accident is covered under the policy because Drumheller's negligence occurred on the residence premises must be rejected.

ambiguities where none exist." *Linn,* 766 F.2d at 761.

The defendants also contend that Drumheller had a reasonable expectation that the events described in the underlying complaint were covered under the policy, and therefore that he would be indemnified for bodily injury to another arising out of his operation of the ATV. The defendants support this contention with evidence that Drumheller called Allstate after the accident to discuss the progress of the case and the handling of his claim, and that Drumheller believed he would be covered because he "would be in good hands with the 'deluxe package.'" Def. Katzenmoyer Supp. Mot. Sum. J. at 5.

Under Pennsylvania law, the "parties' reasonable expectations are the touchstone of any inquiry into the meaning of an insurance policy," but any reasonable expectation imputed to the parties must be consistent with the language of the policy. *Bensalem Township v. International Surplus Lines Ins. Co.* 38 F.3d 1303, 1309 (3d Cir.1994) (quoting *Standard Venetian Blind Co. v. American Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983)). This rule is justified because in most cases the language of the policy will provide the best indication of the content of the parties' reasonable expectations. *Id.* Thus, "while reasonable expectations of the insured are the focal points in interpreting the contract language of insurance policies, an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous." *Id.* (quoting *Frain v. Keystone Ins. Co.,* 433 Pa.Super. 462, 640 A.2d 1352, 1354 (1994)). The limited exclusion in the policy here was clear and unambiguous. Drumheller did not have a reasonable expectation that the policy would provide coverage for bodily injury arising out of the operation of his ATV on the trail.

At the time of the accident, the ATV operated by Drumheller was not on an "insured premises" because it was neither on the "residence premises" nor being "used in connection with the residence premises." Therefore, Allstate has neither a duty to defend nor a duty to indemnify Drumheller in the state court action brought by Katzenmoyer against Drumheller for her bodily injuries arising out of Drumheller's operation of the ATV. Accordingly, Allstate's motion for summary judgment will be granted.

### ORDER

AND NOW, this 19th day of August 2003, it is **ORDERED** that the motion of the plaintiff Allstate for summary judgment (Docket Entry # 14) is **GRANTED** and the motions of the defendants Katzenmoyer and Drumheller (Docket Entries # 12 and # 13) are **DENIED.**